APPEAL OF JAMES RAWLE, ET AL.

FROM THE DECREE OF THE ORPHANS' COURT OF DELAWARE COUNTY.

Argued February 8, 1888—Decided February 27, 1888.

A testatrix, after a life estate to her husband, devised certain real estate to such person or persons in such shares and proportions, and in such way and manner as he might appoint. The husband by his will directed his executors to divide the residuum of his own estate and the estate left him by his wife into five parts, one of which parts he gave to each of his five children, three of whom were daughters, providing that on the death of any of said daughters, her children if any should receive her share : Held,

1. That the alienee of the interests of the minor children of a deceased daughter, in the land devised by their mother, were entitled to have partition thereof in the Orphans' Court, notwithstanding the directions to the executors of their father's will to make said division into parts.

2. That the proper person to execute the order of sale in the partition proceedings, was the administrator, d. b. n. c. t. a. of the wife, and not the executors of the testator, her appointee.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 133 January Term 1888, Sup. Ct.

On July 5, 1887, William Struthers and Vannie D. Struthers, his wife, presented their petition in the court below, setting forth in substance:

That Anna C. Peace, wife of Edward Peace, died on April 21, 1876, seized in fee of a certain parcel of land in Radnor township, containing about 104 acres, leaving a last will and testament, duly admitted to probate, wherein after a life estate to her husband, she devised the said real estate " to such person or persons, and in such shares and proportions, and in such way and manner as the said Edward Peace by his last will and testament may nominate and appoint."

That Edward Peace died on September 19, 1879, leaving a will, duly admitted to probate, wherein he provided: " The residue of my estate of every kind, and that left to me by my beloved wife in her last will and testament to dispose of as I deemed best, I direct my executors to divide into five parts. One part I will and bequeath to Phillip Physic Peace; one part I will and bequeath to my son Edward Coleman Peace; one part I will and bequeath to my daughter, Anna Peace Bache; one part I will and bequeath to my daughter, Florence Peace; one part I will and bequeath to Mary Peace. The three last parts of my estate are to be held in trust by my executors or trustees, and the interest to be paid quarterly into their own hands. I also give to my daughters power to dispose of their shares by will, if they leave no children, as they choose, but if either should leave children, they are to inherit their mother's share equally at her death. If either of my children should die before attaining the age of twenty-one years their part of my estate is to be divided among the sur-

vivors equally." Upon this will, letters testamentary were duly granted to James Rawle, and others.

That these beneficiaries were all children of the said testator, and all attained full age; Anna Peace Bache had died intestate leaving to survive her a second husband, Henry Hobert Brown, and a minor child, Coleman Peace Brown; Florence P. was the wife of Robert P. Smith, and had two minor children; Mary, the wife of John S. Watts, had died leaving to survive her, her husband and two minor children, Anna Coleman Watts and John Murray Watts.

That by proceedings in the Orphans' Court, resulting in a sale thereof, the petitioners had become the owners in fee of two fifths of said real estate, being the interests of said Coleman P. Brown and of Anna C. and John M. Watts; and that one fifth was held by the said executors as trustees of Florence P. Smith, and to Philip P. and Edward C. Peace it belonged to have each one other equal fifth part in fee,

Praying for an inquest to make partition.

An inquest having been awarded upon the foregoing petition, and notice served of the time when the same would be held, James Rawle, in behalf of himself and his co-executors, applied to the court to stay the proceedings, upon the grounds that the right to divide the premises was vested in the executors and trustees under the will of Dr. Peace, and the petitioners had no interest or estate upon which they were entitled to a partition in the Orphans' Court, that court not having jurisdiction; and the only right vested in the petitioners was to compel the executors and trustees to make the division as directed by said will.

This application was refused.

The inquisition being returned and filed, and confirmed nisi September 26, 1887, to the rule upon heirs and parties interested then issued, James Rawle and his co-executors, answered, objecting to the proceedings upon the same grounds as those heretofore referred to.

The court CLAYTON, P. J., overruled these objections and on November 7, 1887, all parties in interest having neglected or refused to take and accept the real estate, entered a decree authorizing and requiring "James Rawle, the active executor of the last will and testament of Edward Peace, de-

ceased," he having first given bond, etc., to expose the said real estate to sale, etc.

Exceptions having been filed to this decree, James Rawle, et al., executors and trustees under the will of Edward Peace, then took this appeal, specifying that the court erred:

1. Because it decreed an inquest and a sale of the premises notwithstanding that the petition showed that the petitioner, Mrs. Vannie D. Struthers, had no such interest or estate as would entitle her to maintain proceedings for partition in that court.

2. Because it decreed an inquest and a sale of the premises, as the property of the estate of Edward Peace, deceased, whereas the record shows that the parties took under the will of Anna C. Peace.

3. Because the court decreed a sale of the premises.

4. Because the court decreed a sale to be made by James Rawle, executor of Edward Peace, and not by the administrator d. b. n. of Anna C. Peace.

*Mr. Francis Rawle* (with him *Mr. Robert Ralston* and *Mr. Walter G. Smith*), for the appellants:

1. The executor does not give one fifth of the estate to each of his children, but he directs it to be divided into five "parts," and one of these parts he gives to each one of his children. Until these parts were ascertained by the act of the executors, in pursuance of their duty under the will, the beneficiaries, while having a vested interest in their parts, as finally set out, could not ascertain the specific property belonging to them. If the legal estate, necessary to effectuate the testator's intent, was vested in the executors, it seems clear that until an allotment was made, the beneficiaries took no interest which entitled them to a partition: Ruffel's Est. (O. C.), 1 W. N. 286; Lindenberger v. Matlack, 4 Wash. C. C. 278. This question, arising on the construction of the same will, has already practically been passed upon by this court in Peace's Est., 106 Pa. 193.

2. The entire proceedings below were based upon the erroneous idea that the parties took under the will of Edward Peace. Clearly they took under the will of Anna C. Peace: Commonwealth v. Williams, 13 Pa. 29; Middleton v. Crofts,

2 Atk. 650. And where there is an administrator or executor competent and willing to act, the court cannot grant an order to sell in partition proceedings to any other person : Snyder's Appeal, 54 Pa. 67.

3. A decree of sale in the Orphans' Court in partition is definitive and an appeal may be taken before the execution of the order: Robinson's App., 62 Pa. 213; Horam's Est., 59 Pa. 152; Hess's App., 1 W. 255.

*Mr. George E. Darlington* (with him *Mr. Jos. B. Townsend*), for the appellees :

1. The jurisdiction of the Orphans' Court is based upon § 4, act of April 13, 1840, P. L. 320. The fact that minors are interested is on the record and undisputed. The alienee of an heir has all his rights in respect of partition in the Orphans' Court: Ragan's Est., 7 W. 438; Sampson's App., 4 W. & S. 91; Thompson v. Stitt, 56 Pa. 156; Stewart's App., 56 Pa. 241.

2. In the will of Edward Peace, there is no estate devised or given to the executors, and no power of sale or conveyance over real estate is conferred upon them. There is not one word to break the transmission of the title and estate passed to the devisees named in it.

3. Though Anna C. Peace was the last sole owner in fee, her will alone does not carry the title to the parties who were to take at the death of her husband. His will was the conduit to carry the title to his children in the mode and manner it defined. But if there was error in not directing the order of sale to the administrator d. b. n. c. t. a. of Anna Peace, it was amendable below and is amendable here.

OPINION, MR. JUSTICE PAXSON :

We find no error in this record. Mrs. Struthers, the peti-tioner, was the alienee of the shares of three of the minors, and as such was entitled to have partition: Ragan's Estate, 7 W. 438; Sampson's Appeal, 4 W. & S. 86; Thompson v. Stitt, 56 Pa. 156; Stewart's Appeal, Idem 241. Aside from this, there are two minors interested in the estate. We are in no doubt as to the jurisdiction of the court.

Nor do we think the executors of the will of Dr. Edward

Peace have any such title to or interest in the property in question as gives them any right to prevent this partition. The will gives them no title whatever. Their power is confined to dividing it into five parts. And after such division they have no power to convey it. A title to the different divisions could only be given by proceedings in the Orphans' Court. This has been done as to all the real estate except this one property, which it is found cannot be divided.

We see no grounds, therefore, for our interfering with these proceedings for matters so purely technical. We are of opinion, however, that the decree below should be amended by substituting the administrator d. b. n. c. t. a. of Anna C. Peace as the person to execute the order of sale in the place of the executor of Edward Peace. The will of the latter, so far as this real estate is concerned, is but the execution of the power contained in the will of Anna C. Peace, and her administrator would seem, under the act of assembly, the proper person to make the sale.

It will be the duty of the court below to make this modification of its decree, and with this modification

The decree is affirmed and the appeal dismissed at the costs of the appellants.

On March 5, 1888, on motion of the appellants' attorneys, the decree entered in the foregoing cause was modified so far as to make the costs of the appeal payable by the appellees instead of by the appellants.