## THAD. G. SPRINGER *et al.*

### *v.*

## CHARLES R. SAVAGE *et al.*

*Filed at Springfield November 2, 1892.*

1. WILL — *construction—as to estate, and rights devised.* A testator devised one-half of his estate, real and personal, to his three sons, and the balance to his four daughters, and directed the estate to be valued as a basis for distribution, and that his personal property be sold, which should go toward any debts left. He then provided that his landed estate and household and kitchen furniture should not be sold, under any circumstances, as long as any one or more of his sons or daughters remained single and desired to make it their home, unless so agreed by them : *Held,* that the testator intended, first, that his personal property other than household and kitchen furniture should be sold immediately for the payment of his debts ; second, that his real estate and furniture should not be sold, but should remain as they were at his death, for a home for his children as long as any of them remained single ; third, that his sons should have one-half and the daughters the other half of his estate after payment of his debts, subject to the right of enjoyment for a home ; and fourth, should there be personal property other than the household and kitchen furniture after the payment of debts, it should be paid at once to his children in the proportions named.

2. SAME — *devise of a home — rights not alienable or subject to levy under execution.* Where a testator directed that his land be not sold, under any consideration, as long as any one or more of his sons and daughters remained single and desired to make it their home, and devised the remainder over to his sons and daughters, each child will take an estate to be presently enjoyed for a home so long as he or she remains single, in common with each of the others in like condition. Such present interest is for a home, only, and may therefore be forfeited by abandonment or relinquished by express agreement, but being personal to the devisees only, it can not be conveyed to others, and therefore it can neither be mortgaged nor sold upon execution. But each child will take a vested remainder, which may be mortgaged or sold upon execution.

3. SAME — *devise of a home—nature of right — differs from statutory homestead.* Where a testator provides for the occupation and use of his land and household furniture by any one or more of his children who may desire to do so, so long as they may remain single, the right of the devisees to the possession and use of the property is not the stat-

utory right of homestead, but simply a right given and measured by the will, which expressly limits it to the children while single, instead of requiring, as the statute does, occupancy by the head of a family.

4.  Where a father, by will, devotes land and household furniture as a home to his children as long as they may remain single, with the remainder to such children, the right of present possession and occupancy, and the estate in remainder, will constitute interests in the children which are entirely distinct and independent of each other, and a mortgage of the estate in remainder will not, of itself, alone, affect the right of present possession or occupancy.

WRIT OF ERROR to the Circuit Court of Cass county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. R. W. MILLS, for the plaintiffs in error:

The testator had the power to devise an interest in his lands to a child, which is not subject to alienation by sale under execution against such child.   *Rhoads* v. *Rhoads,* 43 Ill. 239; *Waldo* v. *Cummings,* 45 id. 421; *Pool* v. *Blake,* 53 id. 494.

Messrs. MORRISON & WHITLOCK, for the defendants in error:

The beneficial interest of a *cestui que trust,* whatever it may be, is liable for the payment of his debts, which can not be so formed by restriction as to secure immunity from his creditors.   2 Jarman on Wills, 538; *Blackstone Bank* v. *Davis,* 21 Pick. 42; 4 Kent's Com. 131; Lewin on Trust, 135; 2 Redfield on Wills, 300; *Nicholas* v. *Levy,* 5 Wall. 441; *Steib* v. *Whitehead,* 111 Ill. 247.

To entitle a party to an estate of homestead he must be the head of a family and have a wife or children.   *Rock* v. *Haas,* 110 Ill. 528.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The questions discussed in the arguments before us require us to give construction to the following clauses in the last will and testament of Harvey Springer, late of Cass county, deceased, namely:

"I give and bequeath to my three sons the one-half of all my estate, real and personal, of which I may be possessed at the time of my decease.

"*Second*—I give, bequeath and devise unto my four daughters, Eveline, Ellen, Emma and Alice, all the remaining one-half of my estate of which I may be possessed at the time of my decease, except five dollars, which I give, bequeath and devise unto my daughter Albina J.

"The first step to be taken in carrying out the intention of this will shall be to make an estimate of the value of all property, both personal and real, as a basis of distribution, then to sell the personal property, which shall go towards whatever debts may be against my estate. I want it positively understood that my landed estate, household and kitchen furniture shall no be sold, under any consideration whatever, as long as any one or more of my sons or daughters remain single and desire to make it their home, unless so agreed by them."

There can not be the slightest doubt as to what the testator here intended. It was, first, that his personal property, other than his household and kitchen furniture, should be sold, immediately after his death, for the payment of his debts; second, that his real estate and his household and kitchen furniture should not be sold, but should remain as they were at the time of his death, for a home for his children so long as any of them should remain unmarried; third, that his three sons should have one-half and his four daughters, named, the other half of his estate, after the payment of his debts, subject to this right of enjoyment for a home; fourth, should there be personal property, other than household and kitchen furniture, after the payment of debts, it must be paid at once, in the proportions named, to his children.

Omitting the personal property other than the household and kitchen furniture, his will is accurately expressed thus: I devise and bequeath my landed estate and my household and kitchen furniture to all my children, and the survivor or

survivors of them, so long as they and each or either of them shall remain unmarried, as and for a home.   I devise and bequeath the remainder of my estate, one-half to my three sons and the other half to my four daughters before named.   This gives effect to all of the language of the will, and no other construction can, and there are no technical terms employed which prevent the carrying out of this manifest intention of the testator.   Each child is thus given an estate to be presently enjoyed for a home so long as he or she shall remain single, in common with each of the others in like condition.   It is for a home, only, and may therefore be forfeited by abandonment or relinquished by express agreement.   But being personal to the devisees, only, it could not be conveyed to others, and therefore it could neither be mortgaged nor sold upon execution.   But each child takes a vested estate in remainder—the sons each one-sixth and the daughters named each one eighth; and this vested estate in remainder, as other vested estates in remainder, may be mortgaged or sold upon execution.

The right to the possession and use of this property is not the statutory right of homestead, but simply a right given and measured by the terms of this will, which expressly limit it to the children while single, instead of requiring, as the statute does, occupancy by the head of a family.

The right of present possession and occupancy and the estate in remainder being entirely distinct and independent of each other, the mortgage of the estate in remainder does not, of itself, alone, affect the right of present possession and occupancy; and so, necessarily, our conclusion is, that Thad. G. Springer, being still unmarried, and having never agreed to abandon or surrender his rights to the home, can not be disturbed in his possession and enjoyment of this property, as he is by this decree.   The decree is therefore reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Decree reversed.*