(22 Misc. Rep. 582.)

### MILLER et al. v. MILLER et al.

(Supreme Court, Special Term, Kings County. February 7, 1898.)

1. WILLS—CONSTRUCTION—MORTGAGES—NATURE OF ESTATE.

Where a husband devises to his wife his right and interest in property which is held in her name, but which was purchased with money earned by both, and the husband, after making his will, buys in outstanding mortgages in his own name, such devise does not include the interest secured by the mortgages, as they are personal property by statute.

2. SAME—PAROL EVIDENCE—WHEN ADMISSIBLE.

Oral evidence that testator acquired mortgages for the purpose of having the land go to his widow free from them, and that he thought they would be extinguished by the terms of the devise to her, is incompetent to enlarge the effect of a devise giving her his right and interest in such land, which interest he had acquired by part payment of the purchase money, and on which land he had bought in the outstanding mortgages in his own name after making the will.

3. HUSBAND AND WIFE—MORTGAGES—JOINT DEBTORS.

Where bonds and mortgages are executed by husband and wife, and they are afterwards bought in by the husband, such mortgages, in the hands of his executors, are a lien for only one-half the sum secured by them.

4. WILLS—ELECTION BY WIDOW—WHEN NECESSARY.

A mere request at the end of a devise, giving the widow testator's interest in lands, that she release her dower interest in the residuary estate, does not put the widow to her election with respect to dower, as this can be done only by express words in the will to that effect, or inconsistency between the taking of dower and the provisions of the will.

5. SAME—EQUITABLE CONVERSION—POWER OF SALE.

A clause in a will, conferring a discretionary power in trust for the purpose of sale and distribution, does not preclude a suit for partition between joint devisees.

Action by Lucy Miller and others against William J. Miller and others for the construction of a will and for partition.

Title comes through the will of James P. Miller, of whom the parties are the children and widow. It was executed September 18, 1884, and he died in 1895. The third clause is as follows: "As my wife, Jane G. Miller, has in her own name real estate which was purchased with money earned by her and myself together, I hereby give, devise, and bequeath to her all my right and interest therein, and request her to release her right of dower in my residuary estate." At the time the said will was executed there were two outstanding mortgages on the real estate thus devised, to secure two bonds of $2,500 each executed by the said widow and the testator. On January 3, 1887, the testator purchased the said bonds and mortgages, and they were assigned to him. It is now claimed in behalf of the widow that the said mortgages are included in the said devise to her. It is claimed by the children that the said devise was in lieu of her dower, and put her to her election.

Wilson M. Powell, for plaintiffs.

William H. Willitts, William F. Connell, and G. B. Van Wart, for defendants.

GAYNOR, J.    I do not think that a devise like this one, of all the "right and interest" of the testator in real property, ever included the interest secured by mortgages on real property. Whatever doubt one may have on this head comes from a lack of discrimination in respect of the former double nature of such mortgages, arising from the different effect given to them at law and in equity. In law the

mortgage was held to convey the fee, subject only to being defeated by a compliance with the condition on the exact day appointed. The mortgagee could maintain ejectment to get possession of the land; and his estate therein descended to his heir, or was embraced within a general devise of realty. But the court of chancery would not have this, and regarded a mortgage as only a security for the debt. It regarded the debt as the principal thing, and the mortgage as a mere incident, and by entertaining a bill to redeem upon payment of the debt, even after default, it practically nullified the rule at law. It was thus of no practical use to say that the dry, technical estate of the mortgagee descended to his heir, or followed his general devise of realty, for in equity both the debt and the mortgage were held to go as personalty to the personal representative, and if the heir had possession of the land he was held to have it as trustee for the personal representative; and the rule in equity was the one followed by the ordinary. Demarest v. Wynkoop, 3 Johns. Ch. 145; Washb. Real Prop. bk. 1, star pages 479, 511. It is thus seen that the rule at law that an interest acquired by a mortgage of land descended to the heir, or followed a general devise of realty, was based upon the rule that such a mortgage vested the fee in the mortgagee, and that the mortgage was not personalty; but that this rule was frustrated in its application by the relief obtainable under the contrary rule in equity.

But all this nicety was made obsolete by the enactment in the Revised Statutes of 1829 (2 Rev. St. p. 312, § 57), that no action of ejectment should thereafter be brought by a mortgagee to recover possession of the mortgaged land. The equity rule was thereby made the rule at law, for it could no longer be said that the mortgagee had even a technical title when his right to possession was taken away. A mortgage upon land cannot therefore be claimed with us to be an interest in real estate. It is personalty only. Trimm v. Marsh, 54 N. Y. 599.

Therefore, if the general rule that a will speaks as of the date of the testator's death, be applied here, this devise does not include the said mortgages. But the facts and the language used seem to exclude the application of such rule. The testator did not own the mortgages when he made his will, but acquired them several years afterwards; and moreover he expresses in the clause in question the restricted intention of devising to his wife the interest he supposed he then had in the land, by reason of the purchase money having been in part his, though the title was taken in her name. He had in mind such purchase money paid by him, and that he had a part interest in the land by reason thereof. That he afterwards acquired the outstanding mortgages cannot be used to enlarge such intention. Rogers v. Rogers, 153 N. Y. 343, 47 N. E. 452. The oral evidence taken on the trial to show that the testator acquired the said mortgages for the purpose of having the land go to his widow free of them, and that he thought they would be extinguished by the terms of the said devise to her, is equally incompetent to enlarge the effect of the words of such devise. But the bonds which the said mortgages were made to secure being executed by both the testator and the widow,

it follows that the said mortgages are a lien in the hands of the executors for only one-half of the sums secured thereby.

The request at the end of the said devise that the widow release her dower in the residuary estate, did not put the widow to her election in respect of dower. Similar precatory words have often been held to be mandatory for the purpose of creating trusts, and sometimes in the cutting down of the meaning of the general words of bequests and devises; but I know of no authority for applying that doctrine to the construction of a will on the question of whether it puts the widow to her election. On the contrary, no mere request can put her to such election. She can be put to it only by express words to that effect in the will, such as a bequest or devise in lieu of dower, or by the taking of dower being inconsistent with the provisions of the will, where provision is made therein for her, so that the scheme of the will and the admeasurement of dower cannot both be carried out. It must appear from the will that the husband did not intend that his wife should take both dower and the provision he makes for her therein, in order to require her to elect which she shall take. Closs v. Eldert, 16 Misc. Rep. 104, 37 N. Y. Supp. 353.

The fourth clause of the will does not effect an equitable conversion of the land into personalty, nor create a trust, but only confers a discretionary power in trust for the purpose of sale and distribution, and this does not stand in the way of a suit for partition. Mellen v. Banning, 72 Hun, 176, 25 N. Y. Supp. 542; Palmer v. Marshall, 81 Hun, 15, 30 N. Y. Supp. 567.

Let judgment be entered accordingly.