## PARKER *v.* NORMAN.

Opinion delivered May 28, 1893.

CONTRACT—PAROL EVIDENCE.—Where C wrote a letter to A, guarantying to the latter that B would repay a loan of $3,000 made to him by A, and beneath this letter B wrote a guaranty that he would ship to A 800 bales of cotton, or pay a commission of one dollar per bale on the deficit, the letter and indorsement together constituted one contract, to vary which parol evidence is inadmissible. (Page 335.)

Appeal from Union Circuit Court.

CHARLES W. SMITH, Judge.

*Jesse B. Moore* and *Morris M. Cohn*, for appellants.

Parol evidence is not admissible to add to or vary the terms of a written contract. 4 Ark. 179; 5 Ark. 651; *ib.* 672; 9 Ark. 501; 13 Ark. 496; 15 Ark. 543; 21 Ark. 69; 24 Ark. 201; 24 Ark. 269; 25 Ark. 191; *ib.* 309; 29 Ark. 544; 30 Ark. 186; 33 Ark. 150; 38 Ark. 334; 45 Ark. 177; 51 Ark. 441; 61 Ark. 81; 35 Ark. 156; 62 Ark. 330. The contract is a binding one. 59 Ark. 366. Appellee assented to the correctness of the balance stated by appellant by drawing on him for the amount. 41 Ark. 502; 47 Ark. 541; 53 Ark. 155; 55 Ark. 376.

*Smead & Powell*, for appellee.

As a general rule, when a contract is reduced to writing in plain, definite and unambiguous terms, and is accepted by the parties as the sole evidence of their contract, neither party can introduce oral evidence to alter or vary the terms and meaning. 24 Ark. 210; 24 Ark. 269; 25 Ark. 291; 25 Ark. 309. However, where the writing does not contain the complete contract of the parties, parol evidence is admissible to supplement the writing and explain the entire contract. 4 Ark.

183; 15 Ark. 543; Anson on Cont. 318; Lawson, Contr. §
375; 2 Wh. Ev. 927; 1 Greenl. Ev. 284; 6 E. & B. 370; 101
Ind. 375; 34 Mich. 113; Lawson, Contr. § 371; 27 Ark. 510;
55 Ark. 112; 106 Ind. 567; 55 Mich. 453; 111 U. S. 584; 56
Vt. 449; 78 Mo. 391; 2 Wh. Ev. § 1015; 1 Greenl. Ev. §
284a; 58 N. Y. 380; 6 L. R. Ex. 70.    There was no error in
the court's instructions.    No instruction as to account stated
was asked by appellant, while in the lower court; hence he can-
not now complain of the omission.    60 Ark. 613; 47 Ark. 196.

BATTLE, J.    John C. Norman sued John M. Parker & Co.
for $520, alleging that it was a balance the defendant owed
him on 280 bales of cotton sold by them for him.    The de-
fendants denied owing him any sum, but alleged that they were
commission merchants doing business in the city of New
Orleans, in the state of Louisiana; that in the spring of 1893
plaintiff applied to them for a loan of $3,000; that they loaned
him the $3,000, and he agreed to return the same and eight
per cent. per annum interest thereon, and to ship to them at
New Orleans, during the fall and winter of 1893 and 1894,
800 bales of cotton, to be sold by them, in their capacity of
commission merchants, on commission, and to pay them one
dollar on every bale he failed to ship according to his agree-
ment, in lieu of the commission they would have received had
the contract been performed; that he shipped only 280 bales,
which they sold, and reserved out of the proceeds of the sale
$520, the amount due them on the contract for 520 bales of
cotton he failed to ship according to agreement; and this is the
$520 sued for in this action.

The issues in the action were tried by a jury.    The fol-
lowing are the facts as shown by the evidence adduced at the
trial:  In the years 1893 and 1894 the plaintiff was engaged in
the mercantile business in New London, in this state, and the
defendants were engaged in the business of commission mer-
chants in the city of New Orleans, in the State of Louisiana.
In February, 1893, plaintiff applied to the defendants, at their
office in New Orleans, for a loan of $3,000, and they agreed to
loan him that amount at eight per centum per annum interest,
provided E. R. Perry would indorse his note for that amount,

and he would ship them 300 bales of cotton in the fall and winter of 1893 and 1894. Afterwards plaintiff handed to the defendants a letter of E. R. Perry, which was as follows:

"New Orleans, Feby. 10, 1893.—Messrs. J. N. Parker & Co.—Gents: Mr. John C. Norman states you will advance him on the present year's business three thousand dollars ($3,000). I will guaranty the payment of same. Resp'c'ty, E. R. Perry."

The defendants then wrote beneath the letter, and the plaintiff signed, the following contract:

"I guaranty shipment of at least eight hundred bales of cotton, and, failing to ship that much, agree to pay a commission on deficit of one dollar per bale. Feby. 10, '93. [Signed] J. C. Norman. Witness, Jno. D. Carpenter."

On the next morning, February 11, 1893, the defendants requested the plaintiff to execute his note for $3,223.50, to the order of E. R. Perry, due on the 15th of December, 1893, and secure Perry's indorsement thereon, which he did, and delivered the note so indorsed to the defendants, and they loaned him the $3,000. In part performance of his agreement, plaintiff shipped to the defendants 280 bales, which they sold, and, plaintiff failing and refusing to ship to them any other cotton, they reserved out of the proceeds of the sale of the 280 bales one dollar a bale on so much of the 800 bales which he failed to ship, which was 520, and sent him a statement of his account with them, showing a balance of $187.72 in his favor, which they afterwards paid on a draft drawn on them by Norman in favor of I. S. West & Co.

During the progress of the trial plaintiff was allowed to adduce evidence, over the objections of the defendants, to prove that the defendants agreed to loan him $10,000 in addition to the $3,000 to buy cotton, at the time he agreed to ship the 800 bales.

Plaintiff recovered a verdict and judgment against the defendants for $682, and they appealed.

Parol testimony is admissible to explain a written contract, but not to add to or vary it. Here it was shown that appellants agreed to loan the appellee $3,000, provided, among other conditions, Perry would indorse his note for $3,000 and eight per

cent. per annum interest thereon.    Upon that agreement being
made, appellee procured the letter of Perry.    This part of
the contract was performed by appellee executing the note to
the order of Perry and securing the indorsement of Perry, and
by appellants loaning the $3,000.    The only part of the agree-
ment in controversy is that which relates to the shipment of
the 800 bales of cotton.    This agreement was written beneath
Perry's letter, in which he undertakes to guaranty the payment
of $3,000 to be loaned by appellants to appellee, and on the same
paper.    Both were a part of the same transaction, and constituted
only one contract.    There were only three parties to the trans-
action, appellants, appellee and Perry.    It is clear that Perry
undertook to do nothing, except to guaranty the payment of the
$3,000.    Appellants were commission merchants, whose business
was to sell cotton on commission.    Appellee agreed in writing
to ship the 800 bales, and, failing to ship, promised to pay
one dollar a bale on the deficit.    Explained by the circum-
stances we have related, the written contract shows that appel-
lee, in consideration of the loan, agreed with the appellants to
ship them the 800 bales, and to pay the one dollar a bale to them
on so much thereof as they should fail to ship.    In the absence
of a contract to the contrary, the cotton was to be of the crop
produced next after the contract was made, and was to be
shipped within the time cotton is usually shipped for market.
The effect of the evidence as to the $10,000 was to add to and
vary the written contract, and was clearly inadmissible.

Reversed and remanded for a new trial.