(23 Misc. Rep. 737.)

SICKER et al. v. SICKER et al.

(Supreme Court, Special Term, New York County. June, 1898.)

1. WILLS—CONSTRUCTION—TIME OF DISTRIBUTION—PARTITION.
    A provision that, "when my youngest grandchild becomes of age, I do give, devise, and bequeath all the rest and residue of my estate, both real and personal, unto my seven grandchildren, to be divided between them equally, share and share alike," sufficiently indicates an intention of testator to postpone a division of the estate until the youngest grandchild becomes of age, to defeat an action for partition brought before the happening of that event.

2. SAME—TRUSTS—CREATION.
    A provision by which testator directs his executor to pay to certain grandchildren a certain sum, weekly, until the youngest grandchild shall become of age, creates a valid express trust annexed to the office of the executor.

3. PARTITION—RIGHTS OF DEVISEES—TRUSTS.
    Partition of an estate, which, if ordered, would defeat the purpose of a valid express trust created by will, or cause a breach thereof, will be denied.

Action by Helen S. Sicker and others against Charles J. Sicker and others. On demurrer to complaint. Sustained.

C. E. Minor, for plaintiffs.

A. Lauterbach, for defendants.

GILDERSLEEVE, J. The action is for the partition of real property devised to the parties by the will of Dorothea Bornhagen, deceased. A demurrer is interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action. A copy of the will is annexed to the complaint, and forms a part thereof. The only provisions of the will that require notice on this argument are the following, viz.:

"When my youngest grandchild becomes of age, I do give, devise, and bequeath all the rest and residue of my estate, both real and personal [which residue includes the premises here sought to be partitioned], unto my seven grandchildren, to be divided between them equally, share and share alike. I do order my executor or executrix hereinafter named to pay unto Jennie Buhl, Freda Buhl and Dora Buhl, three of the children of my deceased daughter Helene Buhl, formerly Bornhagen, each the sum of $5 weekly until my youngest grandchild shall become of age."

It is stated in the complaint that the youngest grandchild is only 13 years of age. It appears from the foregoing provisions of the will that it was the intention of the testator to postpone the partition of the residuary estate, including the premises in question, until the youngest grandchild became of age. A will should be so construed as to carry out the testator's intention, unless some positive rule contravenes, which is not the case here. See Altrock v. Vandenburgh (Sup.) 25 N. Y. Supp. 851, Parker, J. Under these circumstances, no partition should be ordered until the time indicated in the will. See Zuenzer v. Minzenmair, 20 Misc. Rep. 212, 45 N. Y. Supp. 372, Gaynor, J.; also, Muller v. Struppman, 6 Abb. N. C. 350. It also appears that the last above quoted provision of the will creates an express trust annexed to the office of executor. See In re Hecht, 71 Hun, 65, 24 N. Y. Supp. 540. To constitute a valid express trust, it is not necessary that the purpose of the trust should be stated in the precise words of the statute. It is sufficient if the intention to create the trust can be fairly collected from the instrument. See Morse v. Morse, 85 N. Y. 60; also, Cahill v. Russell, 140 N. Y. 403, 35 N. E. 664. A partition, as demanded by the complaint herein, would defeat the purpose of the trust, and cause a breach thereof, which the court should not sanction. See Baldwin v. Humphrey, 44 N. Y. 616; Morse v. Morse, supra. As it appears on the face of the complaint that the plaintiff cannot prevail, the demurrer should be sustained, and the complaint dismissed.

Demurrer sustained, and complaint dismissed.