# King's Estate.

*Wills—Legacy—Gift for payment of debts.*

Testator directed that his two sons should pay his debts which were a lien on his property " as soon as the same can conveniently be done," for which they were each to receive $1,200 "in addition to an equal share with all my other children." *Held*, that the gift of $1,200 was meant to reimburse the sons if they paid the debts, but the direction was precatory merely, and did not imply a charge on the sons' shares, whether they paid the debts or not.

*Wills—Testamentary partition—Partition—Act of April 17, 1869, P. L. 72.*

Where a testator has prescribed a method of partition, but failed to name the parties to make it or to provide for their appointment, the Act of April 17, 1869, P. L. 72 will apply.

Where the devisees of a testator have delayed for eight years in carrying out a testamentary method of partition, and in the meantime radical changes in circumstances have occurred, and the usual changes in the value of the land have taken place, the court will consider that the devisees have acquiesced in the substitution of the usual statutory method of partition for the one prescribed by the will.

The tendency in doubtful cases is to regard testamentary methods of partition as cumulative rather than exclusive.

Argued Oct. 25, 1906. Appeal, No. 110, Oct. T., 1906, by John S. King, from decree of O. C., Allegheny Co., Sept. T., 1905, No. 8, awarding partition in Estate of Thomas King, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Petition for partition.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree awarding partition.

*George E. Alter*, with him *William Yost*, for appellant.

*R. B. Petty, Jr.*, for appellee, was not heard, but cited in his printed brief: Rawle's App., 119 Pa. 100 ; Klohs v. Reifsnyder, 61 Pa. 240 ; Caldwell v. Snyder, 178 Pa. 420 ; Graham's Est., 32 Pitts. L. J. 85.

OPINION BY MR. CHIEF JUSTICE MITCHELL, January 7, 1907 :
The testator directed that his two sons, Jacob A. and John,

should pay his debts which were a lien on his property "as soon as the same can conveniently be done," for which they were each to receive $1,200 "in addition to an equal share with all my other children." If they failed to pay the debts then they were only to receive an equal share of the estate. The gift of $1,200 was meant to reimburse the sons if they paid the debts, but the direction was precatory merely, and did not imply a charge on the sons' shares, whether they paid the debts or not. As they did not, this provision of the will drops out of the case.

Testator further provided "Fifth. It is my will that my real estate be appraised by twelve disinterested men as soon after the decease of my wife as the same can be done, and that the farm on which I now reside be divided into two equal parts as nearly as the same can be done without injury to the property, the farm which I purchased of Mrs. James Bryar to remain whole. After the payment of the $2,400 aforementioned to my two sons, Jacob Alter and John King, the property remaining to be divided into equal shares among all my children, namely, Jacob Alter King, John King, William George King, Thomas Newton King, Eliza Jane King and Hugh Davidson King, my eldest son to have the first choice of any part of my real estate at the appraisement, and my other children to choose in the order directed in the intestate laws, and any of my children taking any of the real estate before mentioned to have five years to pay the same."

We cannot concur with the learned judge below that the Act of April 17, 1869, P. L. 72, is inapplicable. The testator indicated the means of appraisement, viz.: twelve disinterested men, and the method, viz.: the home farm to be divided into two parts as nearly equal as can be done without injury, and the Bryar farm to remain whole. But he failed to indicate the twelve appraisers or how they should be appointed. This is the very case the act of 1869 was intended to meet. It is a remedial statute to enable the court to supply the necessary machinery to carry out the testator's will where his purpose is clear but the means defective, and it should receive a liberal construction in furtherance of its intent.

Testator's plan was to have the two farms made into three purparts, and the choice then to go to the oldest son and the

other children in the order directed by the intestate law. It was not impracticable. The shares were to be made equal which might be done by owelty or charges in the usual way. It is not clear that the words the "real estate be appraised" in connection with the words "be divided" applied to the home farm, do not carry to the twelve men the authority to make partition as well as appraisement. But if that be treated as doubtful the title after the division could be conveyed by proceedings in the orphans' court, as said in Rawle's Appeal, 119 Pa. 100.

But the testator's plan presented some serious difficulties in its execution. The sons did not pay the debts and in consequence the most valuable part of the Bryar farm which the testator had desired to remain whole was sold by order of the orphans' court to pay the debts; the appellant who now complains was party to these proceedings; the home farm was found capable of division into two parts of nearly equal area, but they would be of very unequal value, and such division would be injurious to the property. The plan, therefore, while not in itself impracticable was so interfered with by subsequent matters that only an approximate execution of it was possible. In this situation the devisees apparently abandoned it. Testator had directed the division to be made as soon after the decease of his wife as it could be done. The widow died in September, 1897, but no effort was made to appraise according to the will for eight years, and in September, 1905, the younger children filed this petition for partition according to law. In the meantime the changes in circumstances were going on, as well as the usual changes in values of the land. Under these circumstances their action must be taken as an acquiescence by all the heirs in the substitution of the usual statutory method for the one prescribed by the will. And this inference is all the stronger in view of the tendency in doubtful cases to regard testamentary methods of partition as cumulative rather than exclusive: Rawle's Appeal, 119 Pa. 100; Caldwell v. Snyder, 178 Pa. 420.

Decree affirmed.