## No. 14,040.

THOMAS G. RAPIER, JR., TRUSTEE OF THE ESTATE OF W. J. O'DONNELL, BANKRUPT, vs. MISS MARY E. O'DONNELL ET ALS.

### SYLLABUS.

A partition of property by legatees in disregard of an injunction of the testator, does not violate any prohibitory law of this State, or contravene public policy ; it is a matter of private, not of public, concern.

APPEAL from the Civil District Court, Parish of Orleans— Theard, J.

---

Carroll & Carroll and Frank B. Thomas, for Plaintiff, Appellant.

---

Saunders & Gurley, for Defendant, Appellant.

---

Omer Villere, for Mrs. Omer Villere, Defendant, Appellee.

---

The opinion of the court was delivered by

PROVOSTY, J. Peter O'Donnell in his will bequeathed the property of his succession to his children, four in number, expressing in his will

the desire that the property should be held in indivision for a term of five years. Before the expiration of this term, the heirs made a partition of the property. Subsequently one of the heirs went into voluntary bankruptcy, and his trustee now institutes the present suit for the purpose of having said partition declared to be a nullity, on the ground that by the terms of the will the owners of the property were deprived of the power to partition it; also for the purpose of recovering the supposed proportional share of the bankrupt in the revenue yielded by the property since the partition.

The theory of the suit is that the act of the heirs in partitioning the property before the expiration of the term fixed by the will was in violation of a prohibitory law and in contravention of public policy, and was on that account so radically null as to produce no civil effects; in such way that the bankrupt continued to be a co-owner in indivision, entitled to his proportional share of the revenues of the property.

The policy of our law is express against the compulsory joint ownership of property, and against the putting of property out of commerce. The partition in question was, therefore, in line with the policy of our law. All else in connection with the devise and the tenure of this particular property was matter of private, not of public, concern; and as the intention of basing the suit on injury to creditors is disclaimed, we agree with the defendant that the petition shows no cause of action.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs in both courts.