## Carter's Estate.

*Will—Partition—Power of sale—Conversion—Trusts and trustees.*

1. Where a fee simple estate is vested in a legatee upon his reaching the age of twenty-one years such devisee on reaching his majority is entitled to partition, although the testator directed the trustee to divide the estate into several parts, and for the purpose of such division gave full power and authority to sell the real estate.

2. The right to demand partition is not taken away by the fact that the will under which the person seeking partition claims the land directs the executor to make division of the estate.

Argued May 4, 1909. Appeal, No. 365, Jan. T., 1908, by the Fidelity Insurance, Trust & Safe Deposit Company, Trustee, from decree of O. C. Phila. Co., Oct. T., 1888, No. 401, awarding partition in Estate of Charles Carter, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for partition. Before PENROSE, J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree awarding partition.

*John G. Johnson,* with him *Maurice Bower Saul,* for appellant.—The will of Charles Carter, having directed in positive terms a division of his estate by the trustee and vesting in it a discretion as to the time of its division, partition under the statutes is precluded: Keim's Est., 201 Pa. 609; Klohs v.

Reifsnyder, 61 Pa. 240; Williams's App., 73 Pa. 249; Baum's App., 4 Penny. 25; Naglee's Est., 52 Pa. 154; Rawle's App., 119 Pa. 100; Sheridan v. Sheridan, 136 Pa. 14; Caldwell v. Snyder, 178 Pa. 420.

An equitable conversion of the realty into personalty results under the will of Charles Carter, barring proceedings in partition: Reifsnyder's Est., 214 Pa. 637; Lehman's App., 105 Pa. 128; Dundas's App., 64 Pa. 325; Severn's Est., 211 Pa. 65.

*John J. McDevitt, Jr.*, with him *Phelan Beale*, for appellee.— Unless there be an imperative direction to sell, independent of discretion, there is no fictitious conversion: Peterson's Appeal, 88 Pa. 397; Perot's App., 102 Pa. 235; Yerkes v. Yerkes, 200 Pa. 419; Sauerbier's Est., 202 Pa. 187; Henry v. McCloskey, 9 Watts, 145; Glentworth's Est., 221 Pa. 329; Rawle's App., 119 Pa. 100.

OPINION BY MR. JUSTICE MESTREZAT, June 22, 1909:

The learned court below correctly disposed of this case and the authorities cited in its opinion fully warranted the court in awarding partition. The testator devised and bequeathed the residue of his estate, real and personal, to the Fidelity Insurance, Trust & Safe Deposit Company in trust to divide it into eight equal parts, and to hold each of said parts in trust to collect the rents of the real estate and to invest and keep invested the personal estate and collect the income thereof, and after paying the taxes, charges and expenses of the execution of the trust, to pay the balance of the income from each of the several parts in quarterly payments to each of the respective devisees and legatees named in the will for and during the term of his natural life, except the net income from one part thereof which was to be held for two of the testator's grandchildren during their respective minorities, "and when my said two grandchildren shall respectively attain the age of twenty-one years, then in trust to pay, assign and convey to each of them the one-half part of the said one equal eighth part of my said residuary estate, so as aforesaid directed to be held

in trust for them respectively, and the accumulation of the income thereof." Both of these children have attained the age of twenty-one years, and one of them, Mrs. Renshaw, presented this petition for partition. Having attained their majority, the title to the real estate vested in the two grandchildren absolutely, and they now hold a fee simple title to the undivided one-eighth part of the real estate of their grandfather. If no other provision of the will prevented partition, it is clear that either or both of the grandchildren would be entitled to have an inquest awarded. It is claimed, however, that the right to demand partition is taken away by the fact that the will directs the executor to make division of the estate. This position, however, is not tenable and is directly in conflict with the decision of this court in Rawle's Appeal, 119 Pa. 100. There the testator directed his executors to divide the residuum of his estate into five parts, one of which he gave to each of his five children, providing that on the death of any of his children, the children of the deceased child should receive its parent's share. This court held that "the alienee of the interest of a minor child of a deceased child of the testator in the land devised to its mother, was entitled to have partition in the orphans' court, notwithstanding the directions to the executors to divide the estate into parts." The correctness of this ruling was recognized in the more recent case of Caldwell v. Snyder, 178 Pa. 420.

Another reason assigned by the appellant why the petitioner is not entitled to partition is that an equitable conversion of the realty into personalty results under the will of the testator which bars proceedings in partition. After devising his estate in trust and directing it to be divided into eight equal parts and held as above stated, the testator's will provides as follows: "In order to enable the said Fidelity Insurance, Trust and Safe Deposit Company, trustee of my said residuary estate, to make a division of the same into eight equal parts, as I have hereinbefore directed and to manage the same after division, I authorize and empower the said company from time to time to extinguish any of my ground rents and to make sales of my real estate at public or private sale at such times

and upon such terms as to it shall seem proper." The appellant relies upon this clause of the will to work an equitable conversion of the testator's real estate. The subject of equitable conversion of realty into personalty and when it is created have been very fully discussed in many of our cases, the more recent of which are Yerkes v. Yerkes, 200 Pa. 419; Sauerbier's Estate, 202 Pa. 187; Painter v. Painter, 220 Pa. 82. Here, there has been no actual conversion of the testator's real estate, and an examination of these authorities will show that there has been no constructive conversion. The testator first places his real and personal estate in the hands of a trustee and directs its division into eight equal parts, each of said parts to be held for a designated devisee and legatee. This, of course, did not create an equitable conversion of the realty. Having directed this division of the estate, he conferred a power of sale upon the trustee company for the special purpose of enabling it to divide the estate or to manage it after a division was made. This clearly appears from the language he used in conferring the power. He says: "In order to enable" the trustee "to make a division of the same into eight equal parts . . . . and to manage the same after division, I authorize and empower the said company . . . . to make sales of my real estate." There was, therefore, no imperative direction to sell, but only a discretionary power conferred in order to enable the trustee to make a division of the estate and to manage it after such division as directed in the will. The trustee was not authorized to make a sale if the real estate could be divided and managed as provided in the will. A sale was contemplated only as a means for dividing and managing the property. If such necessity did not arise, the real estate as such went to the parties in the proportions named in the will. Throughout the will, there is a manifest intention to distinguish between the real and personal estate, and there is an entire absence of any purpose on the part of the testator to create a fund out of the proceeds of both estates and dispose of it as money. There was no actual conversion of the testator's real estate, and under our authorities, cited above, there was no constructive conversion.

Sheridan v. Sheridan, 136 Pa. 14, is similar to the case at bar. The testatrix divided her estate into four shares, bequeathing and devising one share to each of her three children for life with a limitation over, and the fourth share to her grandchildren, to come into their possession at majority, respectively, and until then to be held in trust. The will authorized the executors to sell the real and personal property, "if they find it necessary to do so in order to make a fair and equitable division of my estate." One of the interested parties filed a bill in the common pleas praying for partition of the real estate. The bill was sustained, and it was held that as each grandchild became of full age the trust terminated, and he became seized of such an interest in the real estate as enabled him to maintain partition, notwithstanding the unexercised naked power to sell for the purposes of division.

The assignments of error are overruled and the decree of the court below is affirmed.