### MITCHELL v. MITCHELL et al.

(Supreme Court, Appellate Division, Second Department. March 11, 1910.)

1. PARTITION (§ 21*)—RIGHT TO PARTITION.

Under a will providing that after the death of a life tenant the executors shall sell the property of the estate and divide the proceeds equally among testator's three sons, deducting $1,000 from the share of one, and constituting such sons the executors, the successor in interest of the son whose share is to be so reduced cannot maintain a suit for partition, as the imperative power of sale must be exercised.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 72; Dec. Dig. § 21.*]

2. POWERS (§ 41*)—BENEFICIARIES—RIGHT TO PARTITION.

Where a will provides that after the death of the life tenant the executors shall sell the property of the estate and divide the proceeds equally among testator's three sons, the power of sale cannot be extinguished by the devisees taking and dividing the land, unless they all agree thereto.

[Ed. Note.—For other cases, see Powers, Cent. Dig. § 156; Dec. Dig. § 41.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Queens County.

Action for partition by Ada H. Mitchell against Charles L. Mitchell and others. From a judgment for plaintiff, overruling their demurrer to the complaint, defendants 'appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and THOMAS, JJ.

George S. Ingraham, for appellants.

Nelson S. Spencer, for respondent.

THOMAS, J. The testator gave to his executors all his property, including real estate, to be held in trust by them, invested and reinvested, and the rents, income, and profits thereof collected by his said executors and paid over by them to his wife, Rebecca Mitchell, during her life; and he directed that after her death his executors sell all his real estate and personal property remaining in their hands, and divide the proceeds thereof equally among his three sons, William E. Mitchell, Frank F. Mitchell, and Charles L. Mitchell, deducting from the share of William E. Mitchell the sum of $1,000; and he constituted the three sons executors of his will.

This action is for the partition of real estate so given, and is brought by Ada H. Mitchell, succeeding by grant to the interest of William E. Mitchell. The power of sale has not been exercised. The Long Island Loan & Trust Company was substituted as trustee to administer the estate pending the death of Rebecca Mitchell on the 12th of April, 1909. The defendants Charles L. Mitchell, Frank F. Mitchell, and the Long Island Loan & Trust Company demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. These defendants object that partition cannot be had, as there is an imperative power of sale, which has not been exercised.

Plaintiff contends that the devisees and the donees of the power of sale are the same, and that the devisees may elect to take the land and extinguish the power of sale. It is fatal to that contention that the devisees do not take nor own the entire interest, for $1,000 is to be deducted from the share of William E. Mitchell; hence it would be deducted from the share that plaintiff is entitled to take. Therefore it is necessary that the power of sale be exercised for the purpose of making the distribution to the persons entitled in the proportions and in the degree declared in the will. But, in addition, the power of sale cannot be extinguished by the devisees taking the land, inasmuch as two of the devisees object to the election and to the attempted reconversion.

Plaintiff is not helped by the authorities cited by her. In Hetzel v. Barber, 69 N. Y. 1, all taking interest in the land subject to the power elected to take the land and manifested their election by alienation. In the present case William has so manifested his election by conveying to the plaintiff; but the other two do not join. In Prentice v. Janssen, 79 N. Y. 478, on which the plaintiff also relies, it was stated in the opinion that the "owner of the remaining one-fourth had assented to the reconversion, by exercising acts of ownership," etc. Therefore such person was precluded from objecting to the partition. In

Henderson v. Henderson, 113 N. Y. 1, 13, 20 N. E. 814, it was stated that one or more persons taking interest could not maintain compulsory partition proceedings, pending the existence of the right in the executor to exercise his powers of partition and sale; and in Horsfield v. Black, 40 App. Div. 264, 57 N. Y. Supp. 1006, it was decided that where the will gave the residue of the estate to executors in trust to collect the rents and apply a portion to the support of a daughter, and upon her death to sell such real and personal estate and divide the proceeds among designated beneficiaries, partition of the real estate could not be had.

The testator selected his own method of effecting the sale of the land, and until all persons having interests in the proceeds of sale of the land unite for reconversion the method preferred by the testator must obtain. For the reason that three beneficiaries do not so unite, and for the additional reason that, if they did so unite, the provisions of the will could not be carried out as the testator directs, plaintiff may not maintain this action.

Therefore the interlocutory judgment overruling the demurrer should be reversed, with costs. All concur.

## NOTE.

[a] (Ala. 1880)   Where property is held by tenants in common under a will which prescribes the time when a partition may be had, partition cannot be made, at an earlier date.—Hill. v. Jones, 65 Ala. 214.

[b] (Cal. 1904)   Where testator devised his real estate to his wife for life, and directed in the will that after her death it be sold and the proceeds divided between beneficiaries therein named, who were incidentally the only heirs at law of testator, the heirs at law are not entitled, on the death of the widow, to maintain an action for partition of the land.—Bank of Ukiah v. Rice, 143 Cal. 265, 76 Pac. 1020, 101 Am. St. Rep. 118.

[c] (Del. 1868)   A provision by a testator for the partition of his estate "by five judicious and impartial freeholders of the county aforesaid, appointed by the chancellor of the said state according to law," did not deprive chancery of jurisdiction by a bill for partition.—Marshall v. Rench, 3 Del. Ch. 239.

[d] (Ill. 1892)   A testator devised half of his entire estate to his three sons, and the other half to his four daughters, and stated in his will: "I want it positively understood that my landed estate, household and kitchen furniture, shall not be sold under any consideration as long as any one or more of my sons or daughters remain single, and desire to make it their home, unless so agreed by them." *Held*, that while one of the children remained unmarried, and had not agreed to abandon his rights to the home, the land devised could not be partitioned.—Springer v. Savage, 143 Ill. 301, 32 N. E. 520.

[e] (Ill. 1897)   Though an adult tenant in common may, as a general rule, demand partition as a matter of right, he may nevertheless become estopped to assert such right by his covenant that the land shall be held in common.— Martin v. Martin, 170 Ill. 639, 48 N. E. 924, 62 Am. St. Rep. 411.

[f] (Ill. 1904)   Where testator's will gave his wife all his property to her use during her life or widowhood, to receive all the rents and profits thereof for the benefit of his family, and at her decease to be divided among his children, the language of the will was an express condition against partition prior to the extinguishment of the particular estate of the widow.—Dee v. Dee, 212. Ill. 338, 72 N. E. 429.

[g] (Ill. 1906)   The mere pretense of a woman that she was the widow of decedent by virtue of a common-law marriage was not sufficient ground for a court of equity taking from the decedent's executors the power conferred.

upon them by his will to partition the estate, and decreeing partition on the ground that her claim clouded the title to the real estate, where the executors and heirs at law were in possession of abundant evidence that she was not his wife, and where, up to the time of filing the bill for partition, she made no move to establish her claim.—Fischer v. Butz, 224 Ill. 379, 79 N. E. 659.

[h] (Ill. 1906)   In the absence of a showing that an emergency existed for partition, which required a court of equity to so far take charge of the administration of a decedent's estate as to determine in advance of the time allowed for the filing of claims in the probate court whether the personal estate was sufficient to pay decedent's indebtedness, equity would not decree partition on the ground that it could not be known when the bill was filed whether the personal property of the estate would be sufficient to pay the debts and legacies, and because it could not be known whether the lands were free from liability on account of the indebtedness of the estate if the partition was made by the executors as directed and empowered by the will.—Fischer v. Butz, 224 Ill. 379, 79 N. E. 659.

[i] (Ill. 1906)   Where testator in his will gave his executors full power to sell, convey, mortgage, or partition any part or all of his estate for the purpose of settlement, and to do all acts which they deemed necessary or advisable in the administration of the estate, without any order of the court, a court of equity will not decree partition of the estate urged by one of the devisees, by bill filed 4½ months after decedent's death and 3½ months after the admission of the will to probate, and resisted by the executors and the other devisees, where no demand or request was made upon the executors before the bill was filed, and no abuse of the trust imposed or refusal for an unreasonable time to execute it is shown.—Fischer v. Butz, 224 Ill. 379, 79 N. E. 659.

[j] (Ind. 1881)   Where a testator directs that the lands shall be kept together until his youngest child becomes of age, they cannot be partitioned before that time, contrary to the testator's intention, on the ground that they are depreciating in value and the improvements thereon are decaying.—Kepley v. Overton, 74 Ind. 448.

[k] (Ky. 1899)   Civ. Code Prac. § 490, subsec. 2, authorizing a vested estate in real property jointly owned by two or more persons to be sold by order of a court of equity when the property cannot be divided, does not authorize the court to disregard a provision of the deed under which the property is held, forbidding a sale of the property until the youngest grantee "shall arrive at maturity."—Young v. Young, 20 Ky. Law Rep. 1741, 49 S. W. 1074.

[l] (La. 1901)   A partition of property by legatees in disregard of an injunction of the testator does not violate any prohibitory state law or contravene public policy as it is a matter of private, not of public, concern.—Rapier v. O'Donnell, 106 La. 98, 30 South. 256.

[m] (Me. 1842)   Land devised to two persons in fee, with the condition that it shall be improved in common by them, is subject to partition; for the partition of the fee would not destroy the right to have it improved in common.—Richardson v. Merrill, 21 Me. (8 Shep.) 47.

[n] (Mass. 1908)   Where a will imposes upon the executors the power and duty to divide and distribute real property, the beneficiaries have no right to a partition of it, since a partition, which would speedily become of no effect by the executor's division and distribution, would tend to frustrate the testator's intention.—McLaughlin v. Greene, 198 Mass. 153, 83 N. E. 1112.

[o] (Mass. 1908)   Where a testator directed the income of a trust estate created by the residuary clause of his will to be distributed among his children and the issue of any deceased child every year during the life of the longest liver of said children, and on the decease of testator's widow and all his children the trustees to turn over the trust property to the heirs at law of testator's deceased children, it was the intention of the testator that there should be but one trust fund until the death of the last surviving child, and that no partition should take place until that time, and such intention will be carried into effect, especially where some of the parties interested do not consent to

a prior termination of the trust and partition of the estate.—Dunn v. Dobson, 198 Mass. 142, 84 N. E. 327.

[p] (Mo. 1833)    Where a will requires an appraisement of the land, and directs that a partition among the children shall be made according to that appraisement, without going into a court of law, the children will be entitled to a partition notwithstanding the executor has failed to cause a partition to be made, as directed by the will.—Chouteau v. Paul, 3 Mo. 260.

[pp] (Mo. 1898)    Where a testator, after devising certain lands to his wife for life, directed that, "after her death, the same shall be divided equally, share and share alike, between my sons and daughters," etc., a valid partition cannot be made until her death.—Gulick v. Huntley, 144 Mo. 241, 46 S. W. 154.

[q] (Mo. 1901)    Rev. St. 1899, § 4383, provides that no partition of lands devised by will shall be made contrary to the intention of the testator.  A testator devised an estate for the use of his wife and children during their lifetime.    The trustees were required to lease the real estate for periods not exceeding 20 years, and pay over the rents to the widow and children.    *Held*, that a devisee holding a vested remainder in a portion of the estate was not entitled to partition, notwithstanding the estate would greatly decrease in value by a compliance with the terms of the will.—Stevens v. De La Vaulx, 166 Mo. 20, 65 S. W. 1003.

[qq] (Mo. 1901)    Rev. St. 1899, § 4383, providing that no partition of lands devised by will shall be made contrary to the intention of the testator expressed in such will, is not inapplicable in a suit in equity for partition contrary to the provisions of a will, to avoid a decrease in value of an estate devised in trust, on the ground that the suit is not the statutory proceeding for partition, but a suit in equity to relieve the devisees against an unfortunate condition not foreseen by the testator, which results in the impairment of the devisees' rights.—Stevens v. De La Vaulx, 166 Mo. 20, 65 S. W. 1003.

[r] (Mo. 1904)    Where a will, executed and proved in Ohio in accordance with the laws of Missouri, and duly recorded in Missouri, disposes of land in Missouri, no partition of such land can be had contrary to the terms of the will, under the express provisions of Rev. St. 1899, § 4383.—Stevens v. Larwill, 110 Mo. App. 140, 84 S. W. 113.

[rr] (Mo. 1904)    Under Rev. St. 1899, § 4383, providing that no partition of lands can be had contrary to the provisions of a will of such lands, the court has no jurisdiction to entertain a suit for the partition of devised lands, instituted by persons having no interest under the will, or who have assigned their interest, and the bringing of such suit does not exclude the jurisdiction of the probate court over the lands involved.—Stevens v. Larwill, 110 Mo. App. 140, 84 S. W. 113.

[s] (Mo. 1909)    Courts will, in proceedings for equitable partition, follow the statute, and an equitable partition of land devised under a will is governed by Rev. St. 1899, § 4383 (Ann. St. 1906, p. 2415), providing that no partition or sale of lands devised by a will shall be made under the article (partition) contrary to the intention of the testator, expressed in the will, and section 4650 (page 2518), providing that all courts concerned in the execution of wills shall have due regard to the intent of the testator.—Stewart v. Jones, 219 Mo. 614, 118 S. W. 1.

[ss] (N. J. 1900)    Complainant is executor under a will giving him power to sell real estate, and divide the proceeds among the testator's children so that, on reaching the age of 21 years, "each child shall receive its portion of the estate."    *Held*, that the manifest intention of the testator was that the power of sale was to be exercised, if at all, during the minority of the children, and hence, the children having attained the age of 21 years, his power is extinct, and he cannot now have partition of the lands under 2 Gen. St. p. 2435, § 64, giving executors vested with a power of sale the right to bring an action to effect a partition.—Walsh v. Dunn (Ch.) 46 Atl. 592.

[t] (N. J. 1901)    A will provided that the testator's estate should be divided among her seven children equally, with the exception of one, whose share

should be reduced to a certain amount, and the amount of the reduction divided equally among the other children. It was provided that the children could agree on a division of the property, but, if they were unable to agree thereto voluntarily, the executors should sell the realty in one year from testator's death, and divide the proceeds and the personalty as directed. *Held,* that two of testator's children could not compel a partition of the realty prior to the time when the power to sell would become operative.—Cahill v. Cahill, 62 N. J. Eq. 157, 49 Atl. 809.

[tt] (N. J. 1905) A legatee whose legacy by the terms of the will is to be paid "when the property is disposed of" is entitled to maintain a bill to compel the executor, to whom the property was devised in trust for the execution of the will, with power to sell at such time and on such terms as should seem meet to him, to execute the trust, but not for a partition of the lands.—White v. Crossman, 69 N. J. Eq. 528, 61 Atl. 529.

[u] (N. Y. 1898) A clause in a will, conferring a discretionary power in trust for the purpose of sale and distribution, does not preclude a suit for partition between joint devisees.—Miller v. Miller, 49 N. Y. Supp. 407, 22 Misc. Rep. 582.

[uu] (N. Y. 1898) Partition of an estate, which, if ordered, would defeat the purpose of a valid express trust created by will, or cause a breach thereof, will be denied.—Sicker v. Sicker, 53 N. Y. Supp. 106, 23 Misc. Rep. 737.

[v] (N. Y. 1898) When executors are given the power, under the will, to sell any real estate not specifically devised, until such sale has actually been made, that part of the estate affected by the provision will be treated as realty, and partitioned among those who are tenants in common of it, upon suit brought by one of such tenants; such partition to be subordinate to the rights of creditors in the property.—Wood v. Hubbard, 53 N. Y. Supp. 1119, 31 App. Div. 635, denying rehearing 51 N. Y. Supp. 526, 29 App. Div. 166.

[vv] (N. Y. 1905) Where the will under which infant co-tenants claim requires judicial construction, partition may be decreed as against such co-tenants, although their immediate ancestor derived her estate under a will containing a power of sale.—Hayden v. Sugden, 96 N. Y. Supp. 681, 48 Misc. Rep. 108; Same v. Arnold, Id.

[w] (Ohio, 1905) Where a testator directed that his estate be kept intact and undivided for two years from the death of his wife, an action by a beneficiary for partition before the expiration of such period was premature.—Steinman v. Steinman, 27 Ohio Cir. Ct. R. 460.

[ww] (Pa. 1896) A power given to executors to sell land devised in fee, to be exercised only by agreement of the devisees, does not destroy the right of partition.—Caldwell v. Snyder, 178 Pa. St. 420, 35 Atl. 996, 35 L. R. A. 198.

[x] (Pa. 1905) Testatrix appointed an unmarried daughter her executrix, with power to sell the residence of which she died seised, whenever she deemed best, free from all liability on account of application of purchase money, and directed that the proceeds of the sale should be divided among her three daughters equally, and that her two unmarried daughters should have the right to occupy the residence free of rent and taxes until it was sold. *Held,* that the married daughter had no standing to demand partition of the real estate.—In re Severns' Estate, 211 Pa. 65, 60 Atl. 492.

[xx] (Pa. 1907) Where a mode of partition of testator's real estate provided by his will was ineffective, in that it failed to indicate how the appraisers were to be appointed or who they should be, Act April 17, 1869 (P. L. 72), authorizing partition, is applicable.—In re King's Estate, 216 Pa. 483, 65 Atl. 942.

[y] (Pa. 1907) Where testator provided a method of partition in his will, but his devisees delayed for eight years to carry out such method, and the values of the land had changed, the court will substitute the statutory method for that prescribed in the will.—In re King's Estate, 216 Pa. 483, 65 Atl. 942.

[yy] (Pa. 1909) Where a will gave a legatee a fee-simple estate on reaching the age of 21, the devisee on reaching such age is entitled to partition, though testator directed the trustee to divide the estate, and for purpose of such di-

vision gave him authority to sell the real estate.—In re Carter's Estate, 74 Atl. 240.

The right to demand partition of a legatee in whom a fee-simple estate is vested at majority is not taken away because the will under which he claims the land directs the executor to divide the estate.—Id.

[z] (S. C. 1907) Where testator gave to his wife certain property, to hold until his children became of age, and then to be divided, and the children died before attaining majority, the wife, when the children would have attained their majority, is entitled to partition.—Roberts v. Herron, 78 S. C. 115, 58 S. E. 968.

[zz] (Tex. 1900) Where testator's will provided that his estate should not be partitioned until all of his children had married or reached their majority, and placed the estate under the control of his executor, who was to use the proceeds for the education and support of his children, and two of the children were still minors and unmarried, and the executor had not resigned, a decree ordering partition, in the absence of an affirmative finding by the trial court that the executor was no longer able to act or was not acting, was erroneous.—Wells v. Houston (Civ. App.) 56 S. W. 233.