## STEVENS, Appellant, v. DE LA VAULX et al.

### Division One, December 17, 1901.

1. **Will: UNWISE PROVISIONS: RELIEF.** The beneficiaries under a will must take what is given them, burdened with the conditions which the testator has imposed, whether wise or unwise. So that, if by the terms of the will partition is not to be made during the continuance of the life estate, the courts have no authority to decree partition or distribution, although the life estate may have lasted fifty years or more, and although the property is much depreciating in value because of the changed conditions in the town where the property is situate and there is such a lack of income as make necessary improvements impossible, and although it may be

apparent that partition would be immediately beneficial to both remaindermen and life tenants. The statute (sec. 4383, R. S. 1899) expressly prohibits a partition or sale contrary to the provisions of the will.

2. ————: EQUITY COURTS: LIMITATIONS ON POWERS. An equity court can not relieve the beneficiaries under a will from an unfortunate condition not foreseen by their testator which results in the impairment of the estate and to the injury of all, if to do so is to ignore the plain meaning and intention of the will. The jurisdiction of a court of equity is within the limits of the statute law of the State, and the chancellor is as much bound to obey that law as is the judge in a law court. But even were there no statute on the subject, a court of equity will not at the suit of a devisee require a trustee in violation of the will to incumber or sell a part of the trust property merely to render the rest more profitable. (Distinguishing Lackland v. Walker, 151 Mo. 247.)

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*Frank M. Estes* and *Joseph M. Folk* for appellant.

(1) The circuit court has jurisdiction of the subject-matter. Schmidt v. Hess, 60 Mo. 591; Church v. Robertson, 71 Mo. 326; Hamer v. Cook, 118 Mo. 489; Barkley v. Donnelley, 112 Mo. 574; Halloway v. Halloway, 97 Mo. 628; Reinders v. Koppleman, 68 Mo. 501; Preston v. Brant, 96 Mo. 552; Godman v. Simmons, 113 Mo. 130; McQueen v. Lilly, 131 Mo. 9. (2) The object of the trust will not be contravened by granting the relief prayed for by plaintiff, because of the changes in conditions and circumstances surrounding the trust estate, unforeseen at the time of the making the will. 2 Pom. Eq. Jur. (2 Ed.), sec. 989; Lackland v. Walker, 151 Mo. 247; Jones v. Habersham, 107 U. S. 185; Attorney General v. Briggs, 164 Mass. 561; McIntire v. Zanesville, 17 Ohio St. 352; Marshall v. Rench, 3 Del. Ch. 248; Hale v. Hale, 146 Ill. 260; Gorman v. Mullins, 172

Ill. 349; Stapleton v. Vanderhorst, 3 DeSaussure 22. (3) The plaintiff has a vested interest in the estate of P. M. Dillon, deceased. Poor's Lessee v. Consadine, 6 Wall. 458; McArthur v. Scott, 113 U. S. 379; Collier's Will, 40 Mo. 287; Wammack v. Whitmore, 58 Mo. 448; 4 Kent Com., 205-6; Field v. Peoples, 180 Ill. 381; Pike v. Stephenson, 90 Mass. 188; Jarman on Wills (2 Ed.), 680; Kellar v. Chew, 100 Mo. 368; Cropley v. Cooper, 19 Wall. 167; Olmstead v. Dunn, 72 Ga. 850.

*Jesse A. McDonald* for respondents.

(1) No partition or sale of lands devised by last will shall be made contrary to the intention of the testator expressed in such will. R. S. 1899, sec. 4383; Siekmeier v. Galvin, 124 Mo. 371; Ex parte Cubbage v. Franklin, 62 Mo. 368; Lilly v. Menke, 126 Mo. 211; McQueen v. Lilly, 131 Mo. 18. (2) The plan of the testator would be entirely destroyed by a partition of this estate, and, therefore, the right to partition is necessarily suspended if his plan is not forbidden by law or public policy. Gerard v. Buckley, 137 Mass. 478; Hill v. Jones, 65 Ala. 222; Outcault v. Appleby, 36 N. J. Eq. 82; Ex parte Cubbage v. Franklin, 62 Mo. 364; Morse v. Morse, 85 N. Y. 53; Gunn v. Brown, 63 Md. 98; Hutchinson's Appeal, 82 Pa. St. 514; Young v. Snow, 167 Mass. 289; Claffin v. Claffin, 149 Mass. 19. (3) Courts of equity have no jurisdiction to disregard the plain requirements of a statute, mandatory in its nature. Stone v. Gardner, 20 Ill. 304; Wright v. LeClaire, 3 Iowa 221; Bauer v. Gray, 18 Mo. App. 175. (4) The chancellor will not make a new will for the testator and compel the objects of his bounty to accept the terms of a new trust thus devised by the court for their enjoyment.

VALLIANT, J.—A suit in equity for partition of an estate held by trustees under the will of Patrick M. Dillon,

the plaintiff being a grandson of the testator and one of the remaindermen under the will, and defendants being the trustees, the life tenants and the other remaindermen.

The court sustained a demurrer to the petition and, plaintiff declining to plead further, a final judgment was rendered for the defendants and the plaintiff appeals.

The petition is to the effect that Patrick M. Dillon died in 1851, leaving a large estate which he disposed of by will, in which among other acts was a devise of real estate in the city of St. Louis to trustees named, for the use of his wife and children during their lifetime, and upon the death of either child leaving issue, such child's portion to go to his or her children in fee discharged of the trust.   By the will the trustees were required to lease the real estate for periods not exceeding twenty years upon the best terms they could procure, of which they were to judge, and collect the rents and profits, and divide them into shares and pay one share each to the widow and children living at the time of the testator's death; should the widow die, leaving one or more of the children living, her share was to go to them in equal shares, and on the death of one of the children, leaving no issue, his or her share was to go to his or her surviving brothers and sisters in equal shares, the share of each daughter to enure to her sole and separate use free from her husband's control; "and it is my express will that the annual income which may accrue to my children shall not in any mode be anticipated; nor shall the same be in any way assigned, transferred, conveyed or incumbered and in case either of my children . . . . . . shall make any assignment, conveyance or incumbrance of his or her interest in my estate, or any part thereof, or of his or her interest in the annual income thereof, or any part of such income, then the interest of such daughter . . . . or son in the trust fund and the income thereof shall immediately cease and determine and such share and income shall be held by the trustee and shall accumulate during the life of such

child, and upon his or her death shall be paid over, disposed of and conveyed as is herein directed in case of the death of any of my children. This trust is to continue during the lives of my wife and children, but when any of my children shall die leaving issue the trust as to that child's share shall cease, and such issue shall immediately take in full absolute legal title the share of the trust fund and property to which said child shall then be entitled, and the trustees shall convey it accordingly."

The testator left surviving him his widow and six children, all of whom are now living, except a son who died without issue, and a daughter, married, who died leaving two children whose interest in the estate has been set apart to them by the trustees and they have no interest in this suit.

The other children all married and all have issue living. The plaintiff being one of two children of one of the testator's daughters, has a vested estate in remainder of one-sixth of the trust estate. The petition then sets out the interest that each of the defendants, as life tenants and remaindermen, has in the property, and says:

"Plaintiff now alleges that it is manifestly to the interest of all parties concerned, that said estate be partitioned; that the same is rapidly deteriorating in value, and unless partition is had and a share of each party in interest is set apart separately, said estate will greatly depreciate in value, owing to the impracticability of handling same in its present condition, and the multiplicity of interests therein. That the real estate of said estate consists of many different pieces of property, improved and unimproved, and to properly manage said property and preserve and keep it in repair, so that it may yield an income, very large expenditures are required, and that under said will no improvements can be made by said trustees and no money expended for erecting improvements and under present conditions surrounding the property, expenses of management are very largely out of proportion to

the benefit derived from them. That by adhering to and following the requirements of the will it is impossible to care for and manage to a profit said estate. That the trustees have no funds with which to make the needed improvements, nor any authority to make the same, and no power to borrow money, and that said property is in such a condition that unless improvements are made, and said estate so placed that it can be improved and preserved, said estate within a few years will become almost valueless."

The petition then goes on to state that the income for the life tenants is decreasing every year, that plaintiff is himself in debt, and is threatened with suit, and a sale of his estate in remainder to satisfy the debts, and has not the means to protect his interests in the event of such proceedings against him, although his indebtedness is small compared with the value of his interest in·the trust estate if he could put it in an available condition; that the property is not susceptible of partition in kind, but will have to be sold for partition. The prayer of the petition is that the property be sold for partition and that out of the proceeds the value of the interests of the several life tenants, to be computed, be paid, and the balance paid to the remaindermen as their several interests may appear, or if the court should be of the opinion that that can not lawfully be done, then that the value of the life estate of the testator's widow be computed and paid to her in cash, and that the respective interests of the surviving children and their issue be set apart to them in groups, a trustee appointed for the property set apart to each group with full power to sell, improve, etc.

The argument for appellant shows that however wise and well adapted to the conditions that existed fifty years ago the terms of the will may have been, they so hamper the estate in the hands of the trustees now as to greatly impair its productiveness and market value, and the deduction is made that if the testator could have foreseen the present conditions he

would not have so tied up the estate.    The force of that argument may be conceded, but courts have no power to grant relief against the result of a business transaction simply on the ground that experience has shown it to have been unwise or improvident.    Courts have no more authority to amend a will than they have to amend a contract.    As men must abide the consequences of their own miscalculation when they go into a business venture, so must the beneficiaries under a will take what is given them, burdened with the conditions that the testator has seen fit to impose, whether wise or unwise.

Our statute expressly provides:    "No partition or sale of lands, tenements or hereditaments, devised by any last will, shall be made under the provisions of this article, contrary to the intention of the testator, expressed in any such will." [Sec. 4383, R. S. 1899.]    It would be impossible to express in clearer terms an intention that the property should be held together and managed by the trustees during the lifetime of the life-tenants, than the testator in this will has done.    His intention was not that his widow or either one of his children should be limited, in the source of the income provided, to a separate part of the estate which in the vicissitudes of the market or other causes might result in an inequality in the several shares, but that the whole property should yield its income and the trustees should divide that income equally between those whom he designated as the first objects of his bounty.    He had a large estate, which in his judgment would yield a sufficient income, under the management and in the manner designated, to afford his widow and children comfortable livings and he aimed to guard them against the possibility of their own improvidence or mismanagement.    He preferred his own judgment in that matter to theirs, to limit the use of the property as he thought best, rather than risk the fortune of each to his or her own judgment.    The property was his, and he had a right to do with it as he pleased, and

those who take of his bounty must take it on the terms he imposes.

To make partition of this property now, however advantageous from a business point it might be to all concerned, would be to do violence to the intention of the testator expressed in his will, and to disregard the mandate of the statute above quoted. That we can not do. [Ex parte Cubbage v. Franklin, 62 Mo. 364; Sikemeier v. Galvin, 124 Mo. 367; Lilly v. Menke, 126 Mo. 211; McQueen v. Lilly, 131 Mo. 17.]

The learned counsel argue for appellant that this is not a statutory procedure for partition to which the statute above quoted applies, but it is an invocation of the broad powers of a court of equity to relieve the parties against an unfortunate condition not foreseen by their testator, which results in impairment of the rights of all. So far as we can see from the record the plaintiff is the only party in interest who is dissatisfied with the terms of the will or who is asking that they be disregarded. Broad as the jurisdiction of a court of equity is, it is nevertheless within the limits of the statute law of the State, and the chancellor is as much bound to obey that law as is the judge in a law court. But a court of equity, exercising its ancient jurisdiction uninfluenced by the statute above quoted, would not make partition at the suit of a devisee in express violation of the will. A court of equity would no more at the suit of a devisee require a trustee, in violation of the will, to incumber or sell a part of the trust property merely to render the rest more profitable, than it would at the suit of a prospective heir require a man to improve his own estate or protect it from decay.

We are cited to Lackland v. Walker, 151 Mo. 247, as holding in favor of the plaintiff's position. But that case presented no such proposition as the plaintiff here presents. The court in that case did not authorize the trustees to violate the intention of the testator, but found that to give force to a clause of the will designed to furnish the means of carrying into

effect the main purpose of the testator, would result in a defeat of that purpose, ruled in effect that the minor intent must yield to the greater, that the minor direction must not be allowed to work a destruction of the main intention of the testator gathered from the will itself. The judgment in that case was not to violate but to carry into effect the manifest intention of the testator.

The court has jurisdiction to authorize a trustee to do what is necessary to preserve a trust estate from destruction, and to this end it sometimes authorizes a sale of a part to preserve the balance. But it never authorizes or orders a trustee to violate the terms of a will merely because the court is of the opinion that the estate would be more profitable if managed in a manner different from that in which the testator willed it should be.

The judgment of the circuit court, on demurrer to the plaintiff's petition, was correct, and it is affirmed. All concur.