Maxwell v. Growney.

---

## JAMES E. MAXWELL v. JAMES C. GROWNEY, Appellant, et al.

### Division Two, July 5, 1919.

1. **EXPRESS TRUST: Power of Beneficiary to Mortgage.** A deed giving to the trustee power to sell, convey, pledge, mortgage or otherwise dispose of land, and to invest, re-invest or use the money derived from any such sale, mortgage or pledge, or any income arising from said property, for the use, benefit, support and maintenance of another, creates an express, active trust in the land, and gives to the beneficiary no power to sell or mortgage the same.

2. ———: **Pleading: Cause of Action: Present Interest.** An allegation that it is now necessary that plaintiff, in the exercise of the powers conferred upon him as trustee by a certain trust instrument, either lease, sell or mortgage the lands for the purposes of the trust, and that a mortgage executed by the beneficiary constitutes a cloud upon the plaintiff's title and has heretofore and does now prevent the plaintiff from carrying out the provisions of said trust, states that plaintiff had an interest in the land at the time his suit was brought.

3. ———: **Cancellation of Beneficiary's Mortgage: Discovery of Defect.** A "mind of legal acuteness" is generally, if not always, required to determine what rights of a beneficiary of a trust are alienable; and where the defect in the mortgage made by the beneficiary is of such a character as to render it invalid but can only be discovered by a mind of legal acuteness, a court of equity will remove it as a cloud upon the trustee's title.

4. ———: ———: **Sufficient Facts.** Where the trustee is unable to carry out the powers conferred upon him by the trust instrument unless the suspicion cast upon his title by a mortgage made by the beneficiary is removed, and there is no adequate legal remedy open to the trustee, a court of equity will, at his suit, cancel the mortgage.

8—279 Mo.

Appeal from Buchanan Circuit Court.—*Hon. Thomas B. Allen,* Judge.

AFFIRMED.

*James C. Growney* for appellant.

(1) The petition in the instant case does not state facts sufficient to constitute a cause of action. It is not alleged that plaintiff at the time he filed his bill in 1913, had any interest in the subject-matter in suit. The only allegation of interest is that in 1907 the land was conveyed to him as trustee. Shelton v. Horrell, 232 Mo. 369; 17 Ency. Pl. and Prac. p. 327. (2) The demurrer contained in appellant's answer should have been sustained for the reason that the allegation in the petition is, that the legal title is in the plaintiff, and that the defendant, John E. Maxwell, had not title or right to make the deed of trust to appellant, Growney. This shows that no grounds exist for the authority to invoke the aid of a court of equity to decree cancellation of said deed of trust for the allegation, if true, makes the deed of trust void and no extrinsic evidence is required to show its invalidity. Dunklin Co. v. Clark, 51 Mo. 60; Connecticut Ins. Co. v. Smith, 117 Mo. 297; Thorp v. Miller, 137 Mo. 231; Hannibal Ry. Co. v. Nortoni, 154 Mo. 142. (3) The evidence in the instant case shows the defendant, John E. Maxwell, *cestui que trust* in possession of this land, asserting ownership thereof, and the plaintiff claiming title thereto, being out of possession, cannot invoke equitable jurisdiction to remove cloud upon title. Graves v. Ewart, 99 Mo. 18; Davis v. Sloan, 95 Mo. 552; Turner v. Hunter, 225 Mo. 83. (4) The trust instrument is not a trust for an infant; it is not a trust for a person *non compos mentis;* it is not a trust for a spendthrift, because the instrument does not withhold from the *cestui que trust* the right of possession, neither does it deprive or withhold from him the right to alienate his

equitable interest in the trust estate. Kessner v. Phillips, 189 Mo. 524; Wenzel v. Powder, 59 Atl. 194; Heaton v. Dickson, 153 Mo. App. 326. (5) The instrument carried the *corpus* of the estate, as well as the income for his use and benefit. It all belongs to him, and in equity he is the absolute owner thereof and can mortgage it. 1 Perry on Trusts (5 Ed.), sec. 321; 2 Perry on Trusts (5 Ed.), sec. 815; 39 Cyc. 203-229; 28 Am. & Eng. Ency. Law (2 Ed.), 1107; Wenzel v. Powder, 59 Atl. 197. (6) The evidence in this case is to the effect that the *cestui que trust* John E. Maxwell, has elected to take the trust estate as it exists—the land. That he is in possession thereof; that the plaintiff trustee admits that the *cestui que trust* had denied him any right to manage or control the trust estate. That the *cestui que trust* is enjoying the possession with the rents and profits thereof. Under such circumstances a surrender has been made by the trustee and the legal title with the possession has vested in the *cestui que trust*. Perry on Trust (5 Ed.), secs. 349, 351, 920; Sears v. Choate, 146 Mass. 398; Sparhawk v. Cloon, 125 Mass. 263.

*Culver & Phillip* for respondent.

(1) The petition alleges that plaintiff has an interest in the subject-matter of the suit. (2) The *cestui que trust* had no power to sell, convey or encumber the trust property. (3) The beneficiary is not even given the right to occupy the land, nor any power or control over the sale or disposition thereof, while the trustee is given full power to sell, mortgage and convey. This vests in the trustee "the full fee in the real estate itself." Cornwell v. Wulff, 148 Mo. 542. The estate of the trustee is commensurate with the powers conferred by the trust. Ewing v. Shannahan, 113 Mo. 188; 38 Cyc. 208; Higbee v. Brockenbrough, 191 S. W. 995. Under such circumstances the *corpus* of the trust estate is not liable to the payment of a judgment against the *cestui que trust,* the only theory on which this could be

done being that the trust was a dry one, imposing no active duties on the trustee. Heaton v. Trust Company, 153 Mo. App. 328. Where the *cestui que trust* enjoys only the income or support and maintenance from the principal and the trustee ·is charged with any control over the trust estate, then the trust is an active one. Pugh v. Hayes, 113 Mo. 431; Walton v. Ketchum, 147 Mo. 218; Freeman v. Maxwell, 262 Mo. 24. The cases even go to the extent of holding that where the trust is an active one it is the duty of the trustee to protect the trust estate, and if the trustee becomes barred by limitation, the *cestui que trust*, even though under disability such as infancy, coveture, etc., is likewise barred. Simpson v. Erisner, 155 Mo. 157. Moreover "where the trustee is not merely the recipient of the title for the use of the beneficiary, where he has a duty to perform in relation to the property which calls for the exercise of judgment and discretion, it is an active trust, and is not affected by the Statute of Uses." Webb v. Hayden, 166 Mo. 39.

WILLIAMS, P. J.—This is a suit in equity to cancel and annul a certain deed of trust upon real estate. Trial was had in the Circuit Court of Buchanan County, which resulted in favor of plaintiff, canceling the deed of trust. From that judgment James C. Growney, the *cestui que trust*, duly perfected an appeal.

The facts may be summarized as follows:

On January 14, 1907, Margaret E. Smith et al. conveyed by warranty deed, to the plaintiff, in trust for defendant John E. Maxwell, Sr., five acres of land in Buchanan County. The deed was made subject to a life estate in said property in favor of James Maxwell and Malinda Maxwell.

John E. Maxwell, Sr., named in said deed is the father, and James Maxwell and Malinda Maxwell (life tenants) were the grandfather and grandmother, of plaintiff, James E. Maxwell, named as trustees in said deed.

The powers given plaintiff as trustee are stated in the deed as follows:

"Giving and granting to said trustee full power and authority to grant, bargain, sell, convey, pledge, mortgage or otherwise dispose of said property, to invest, re-invest or use the money derived from any such sale, mortgage or pledge of said property or any income derived therefrom, for the use, benefit, support and maintenance of said John E. Maxwell, Sr."

The above deed was duly recorded January 15, 1907.

The survivor of the two life tenants died in 1912, or 1913 and shortly thereafter John E. Maxwell Sr., "went out and took possession of the land."

On March 23, 1914, John E. Maxwell, Sr., executed a deed of trust (being the deed of trust involved in the present suit) on said land, to secure the payment of a note of even date in the sum of $300 payable to defendant (appellant) James C. Growney.

On the following day said James C. Growney, acting as the attorney for John E. Maxwell, Sr., filed a suit in the Circuit Court of Buchanan County against the present plaintiff, the object and general nature of which was to have the legal title to said land vested in John E. Maxwell, Sr., or, failing in that, to have the trustee removed and a new trustee appointed. The case was tried, resulting in a judgment in favor of the trust and also in favor of the trustee, and no appeal was taken from said decree.

The evidence further tends to show that John E. Maxwell, Sr., moved "back to town" (St. Joseph, Mo.) in the fall of 1915, and that there was no one on the property at the time this suit was tried.

The plaintiff trustee testified that his father was without other means of support; that he (the son) had paid for the board and clothes of his father for the past several years and that in August, 1915, he as trustee decided to sell or mortgage the property for the purpose of raising the necessary money with which

to support his father under the terms of the trust; that he then discovered for the first time the deed of trust given to secure the $300 note to defendant Growney; that by reason of the existence of the Growney deed of trust he was unable to borrow any money on the land.

Hence this suit to cancel the deed of trust, in order that the trustee might not be hampered in the execution of said trust.

I. It will be noticed that the respondent trustee is given full and complete, discretionary control over the trust estate. Under the express terms of that power he may sell, mortgage or otherwise dispose of said property; may re-invest the proceeds thereof *or* use the money derived from any such sale or mortgage or the income thereof for the support of the named beneficiary. The trust created in said land was therefore an express *active* trust. [Freeman v. Maxwell, 262 Mo. l. c. 24; 3 Pomeroy's Equity Jur. (3 Ed.) par. 991.]

*Express Trust.*

The full and express powers conferred upon the trustee clearly excluded the idea that the beneficiary was given a like power of disposal. It therefore follows that the beneficiary did not have an alienable interest in the land which he attempted to incumber with the deed of trust. [Partridge v. Cavender 96 Mo. 452; Higbee v. Brockenbrough, 191 S. W. Rep. 994.]

The above being true the deed of trust should be held as having no effect whatever upon the title to this land nor the powers of the trustee thereover.

II. It is contended by appellant that plaintiff's bill fails to state a cause of action in that it fails to allege that plaintiff had an interest in the land at the time the suit was filed; citing, Shelton v. Horrell, 232 Mo. l. c. 369.

*Present Interest.*

The petition after alleging that the land was conveyed to him in trust, etc., in 1907 proceeds: "That it

is *now* necessary and advisible that plaintiff in the exercise of the powers conferred upon him as said trustee, either lease or sell or dispose of or encumber said lands for the purposes of said trust, but that said deed of trust so executed to said defendant Growney . . . constitutes a cloud on the title of the plaintiff in and to said real estate and has heretofore prevented and *does now* prevent the plaintiff 'from carrying out the provisions of said trust.' '' (Italics ours.)

A mere reference to the foregoing portion of the bill is we think entirely sufficient to distinguish this case from the Shelton case, supra, and to show that plaintiff's present interest in the subject-matter of the suit was sufficiently alleged.

III. We are also of the opinion that the trial court acting as a court of equity properly cancelled the deed of trust in question.

<span style="margin">Cancellation of Deed.</span>

Appellant in insisting to the contrary relies upon a line of cases of which Hannibal & St. J. Ry. Co. v. Nortoni, 154 Mo. 142, 1. c. 149, is a fair type. In that case the court said: "The deed from Blake to defendants is clearly void on its face, because Blake had no title whatever to the land, which was apparent from the records of deeds in the Recorder's office of the county. Under such circumstances a court of equity will not lend its aid to remove what is claimed to be a cloud upon the title, because there is an adequate remedy at law, and it is only where the deed sought to be removed as a cloud does not appear to be void upon its face, but is void by reason of some other infirmity, and extrinsic evidence has to be resorted to for the purpose of establishing its invalidity, or the defect is of such a character as to render the deed invalid but can only be discovered by a mind of legal acuteness, that it will do so."

The rule above announced will not protect appellant under the present situation. A "mind of legal acuteness" is generally, if not always, required to determine

what rights of a beneficiary of a trust are alienable. This will become quite apparent to any researcher. [*Vide* the many authorities reviewed in 3 Pomeroy's Equity Jurisprudence (3 Ed.), par. 989, p. 1840, note 5, and par. 1005 and cases cited thereunder. See also 39 Cyc. 234 (e) and numerous cases thereunder.]

From the uncontradicted evidence in the case at bar it clearly appears that the trustee is unable to carry out the power conferred upon him by the settlors of the trust, unless the suspicion cast upon the trustee's title by the deed of trust in question is removed by the decree of a court of equity. There is no adequate legal remedy open to the trustee. His only adequate relief is in equity and we are of the opinion that the trial court did not go beyond its equitable powers in awarding relief under the circumstances now held in review. [Jewett v. Boardman, 181 Mo. l. c. 656-7; Pocoke v. Peterson, 256 Mo. 518-9.]

The judgment is affirmed. All concur.