# JOHN D. GIBSON et al. v. MAUDE O. GIBSON et al., Appellants.—Two Cases.

### Division Two, March 13, 1920.

1. **TRUST ESTATE:** Partition During Life of Beneficiary. Where the will in apt terms devised designated real estate to named trustees, to be held by them for the sole use and benefit of a named daughter during her natural life, the rents and profits to be paid over to her, and at her death the trust to terminate and the title to vest in fee simple in her children, if any, but if none, one-half the estate to vest in her husband and the other to be equally divided among testator's remaining children or their bodily heirs, and further gave the trustees power to sell and reinvest for the sole use and benefit of the daughter upon her application to the circuit court and according to its directions, a petition, filed by said beneficiary and the only surviving trustee, setting forth said provisions of the will and asking that the property be partitioned among the heirs, does not state a cause of action. The clear intention and purpose of the will was that the property could be sold only by the trustees and then only for reinvestment for the sole use and benefit of the beneficiary, and the statute (Sec. 2569, R. S. 1909) declares that no partition of lands shall be made "contrary to the intention of the testator expressed in such will."

2. ———: ———: Intention of Testator. The clear intent and purpose of a will creating an active trust and providing not only what shall be done with the trust fund during the life of the beneficiary, but fixing the death of the beneficiary as the time when the property is to be divided or otherwise disposed of, is to prevent partition of the property during the lifetime of the beneficiary, whether or not so stated in express terms in the document. [Overruling Reinders v. Koppelmann, 68 Mo. 482; Preston v. Brandt, 96 Mo. 552; Sikemeier v. Galvin, 124 Mo. 367; and Sparks v. Clay, 185 Mo. 393; and following Hill v. Hill, 261 Mo. l. c. 60.]

3. ———: Annulment of Trust: Purpose Fully Accomplished. Where the will devised designated real estate to named trustees for the sole use and benefit of a named daughter during her natural life, the rents and profits to be turned over to her, and at her death the trust to terminate, and the title to vest in fee simple in her children, if any, but if none, one-half the estate to vest in her husband and the other half to be equally divided among testator's remaining children or their bodily heirs, and gave the trustees

power, on the daughter's application to the circuit court, to sell the designated property and invest the proceeds "out on good real estate security," allegations in the petition that the will became effective in 1869, that at the time it was made the daughter was inexperienced and incompetent to handle the property, that testator's uppermost idea in creating the trust was to protect her from want, that she is now 73 years of age and competent to manage the property successfully, that she has never married and never will, that the property is not productive and the trustees have no power to mortgage or improve it so as to make it productive, do not state a cause of action for annulment of the trust and vesting the legal title in the beneficiary; nor do such allegations and oral proof thereof afford a sufficient ground for annulling the trust. Courts of equity are limited in their powers by the statutes and can neither make nor destroy wills, but in construing them must execute the lawful intention and plain purpose of the testator as gathered from the instrument itself. Besides, to annul the trust would be to adjudge that the daughter only a life estate in the property.

4. ——: ——: **Marriage of Beneficiary.** Where the will provides that in the event of the daughter's death without issue, one-half of the trust estate shall vest in her husband, the court cannot undertake to say, though she is 76 years of age and has never married and testifies she never will, that she will not marry.

Appeal from St. Louis City Circuit Court.—*Hon Gust. A. Wurdeman,* Judge.

REVERSED.

*Anderson, Gilbert & Hayden* and *Cobbs & Logan* for appellants.

(1) The court erred in ordering partition. The court cannot permit property to be partitioned in violation of the terms of a will. Hill v. Hill, 261 Mo. 55; Stewart v. Jones, 219 Mo. 627; Stevens v. De La Vaulx, 166 Mo. 20; Ex parte Cubbage v. Franklin, 62 Mo. 364; Lilly v. Minkey, 126 Mo. 211; Mead v. Jennings, 46 Mo. 91; R. S. 1909, sec. 2569; Spratt v. Lawson, 176 Mo. 175; Stockwell v. Lawson, 262 Mo. 671; Shelton v. Bragg, 189 S. W. 1174. (2) The court erred in ordering the trust to be terminated. An active trust created by will cannot be terminated by a court of

equity, absent the consent of all parties. Smith v. Smith, 70 Mo. 448; Ewing v. Shannahan, 113 Mo. 196; Stevens v. De LaVaulx, 166 Mo. 20; Webb v. Hayden, 166 Mo. 39; Pugh v. Hayes, 113 Mo. 424; Simpson v. Erisner, 155 Mo. 157; Erston v. Muth, 179 Mo. App. 722. (3) A party cannot testify that she does not intend to marry, if the purpose of such testimony is to affect the present title to real estate. (4) The intention of the testator can be determined only from the language used in his will. Parol testimony is not admissible to explain or amplify the language used, except in case of a latent ambiguity. There is no latent ambiguity in the will herein considered. Wigram on Wills, p. 9; Brown v. Tuschoff, 235 Mo. 449; Lenhoff v. Theine, 184 Mo. 346. (5) It, cannot be told until the death of Margaret O. Gibson, who will be the heirs of the body of the remaining children of testator, and, therefore, there is a defect of parties plaintiff and defendant in this case. Collins v. Crawford, 214 Mo. 183; Parish v. Treadway, 267 Mo. 91; Sullivan v. Garesche, 229 Mo. 496. (6) An active trust cannot be terminated until the purpose of the trust is fulfilled. Webb v. Hayden, 166 Mo. 39; Pugh v. Hayes, 113 Mo. 424; Simpson v. Erisner, 155 Mo. 157; Easton v. Demuth, 179 Mo. App. 722. (7) An active trust exists wherever the terms creating the trust clothe the trustee with a discretion, or impose upon the trustee a duty which he is required to perform. Webb v. Hayden, 166 Mo. 39; Pugh v. Hayes, 113 Mo. 424; Simpson v. Erisner, 155 Mo. 157. (8) Under the will, Margaret O. Gibson is a sole tenant for life of the property in question, and the remainders over, created by the will, are contingent, and, therefore, there can be no partition of the property involved. Richardson v. Van Gundy, 271 Ill. 476; Stockwell v. Stockwell, 262 Mo. 671; Seymour v. Bowles, 172 Ill. 521; Ruddell v. Wren, 208 Ill. 508. (9) There can be no partition of real property unless those who are to take at the termination of the life estate can be definitely ascertained, namely, unless the remainders over upon termination of the life estate are

vested. Stewart v. Jones, 219 Mo. 614; Stockwell v. Stockwell, 262 Mo. 671. (10) There can be no partition of real property contrary to the intention of the testator as expressed in his last will and testament. Hill v. Hill, 261 Mo. 55; Stockwell v. Stockwell, 262 Mo. 671; Stevens v. De La Vaulx, 166 Mo. 20.

*H. A. Loevy* for respondents.

(1) Partition may be had even where there is a will disposing of realty unless the will itself prohibits it. Chouteau v. Paul, 3 Mo. 262; Sikemeier v. Galvin, 124 Mo. 371. (2) Life tenant may sue for partition. Sikemeier v. Galvin, 124 Mo. 370; Sparks v. Clay, 185 Mo. 398, 408. Here, a remainderman, life tenant and trustee join as plaintiffs. And here the life tenant expressly requests ascertainment of and is willing to accept cash value of her life estate, as provided by Sec. 8499, R. S. 1909. She could insist that the property be sold subject to her life estate, but here expressly acquiesces in the sale of the whole estate. McKnight v. Hagemeier, 209 S. W. 903. (3) Court will not order partition, necessarily without disturbing interests of devisees. Spratt v. Lawson, 176 Mo. 182; Barnard v. Keathly, 230 Mo. 225. The interests of the parties necessarily remain the same in the proceeds of sale as they were in the realty. The sole purpose of the partition law is to turn realty into cash for ready division according to the respective interests of the parties. (4) The chancellor can abolish a testamentary trust. Donaldson v. Allen, 182 Mo. 640, 648; Smith v. Smith, 194 Mo. App. 312; Underhill Trusts (7 Ed.), p. 355. He may order sale of a part of the *corpus* of a trust estate to preserve the remainder. Stevens v. De La Vaulx, 166 Mo. 28. A conveyance by life tenant to stranger renders purpose of trust impossible and the court will decree termination. Perry on Trusts, sec. 720, pp. 1498-9, note. (5) That respondent, the life tenant (now 80 years old), has no husband, lapses the estate created for such husband and same reverts and goes back to the heirs of the testator

like any other lapsed legacy or devise, all of whom except the few appellants owning together only 42/288ths share, have conveyed their title to her by warranty deed. Van Petres v. Cole, 73 Mo. 29; Sandusky v. Sandusky, 260 Mo. 351. (6) The chancellor can properly adjudicate as to the possibility of issue. Young v. Hyde, 255 Mo. 496. This even in case of a man. Ib.

WILLIAMSON, J.—These two causes have been consolidated and abstracted and briefed as one, and will be decided as one.

The petition is in two counts. The first seeks a partition of certain lands in St. Louis County, and the second seeks to annul a trust created by the will of John W. Gibson, concerning the same lands. The parties are numerous, there being about forty parties—1 plaintiff and about eighteen defendants, in addition to the husbands or wives of those who are married. Several are minors. Except various husbands and wives and one other person, all of the parties appear to be the children, grand-children or great-grand-children of a common ancestor, John W. Gibson. The judgment below was in favor of certain plaintiffs on both counts, and certain defendants appeal. The facts follow:

John W. Gibson died, testate, in 1869. His wife died in 1905. He left several sons and several daughters. To his sons he left certain property without restriction. The property given by his will to his three daughters appears to have been left in trust for each of them, separately. The plaintiff, Margaret O. Gibson, is one of these daughters, and it is with the property left to her and the trust created by the will regarding it, alone, that we are here concerned.

The will was duly probated. So much of it as has to do with the matters here involved is as follows:

"Fourth. I give and bequeath to James R. Bissell, William O. Gibson and my son, John D. Gibson, the following described real estate, to-wit: [Here follows description], to be held by the said James R. Bissell, William O. Gibson, and my son, John D. Gibson,

in trust for the sole use and benefit of my said daugh-
ter, Margaret O. Gibson, during the term of her natural
life. All the rents and profit and issue, of whatsoever
kind, arising therefrom to be paid over or appropriated
for said daughter, Margaret O. Gibson, as she may from
time to time direct. And, at her death, the trust estate
hereby created is to cease and determine, and the said
real estate and property shall thereupon descend and
vest in fee simple in the children in being, if any, of
said daughter, Margaret O. Gibson, share and share
alike. But if said daughter shall die without issue,
then it is my will that the said trust estate shall cease
and determine, and the said real estate shall descend
and vest in the manner following, to-wit: One-half of
the property shall vest in fee simple in her husband,
and the other half shall be equally divided among my
remaining children or heirs of their body forever. . .

"Seventh. All real estate conveyed by this my last
will and testament to the aforesaid trustees for the
sole use and benefit of my daughters, I give to them, the
said trustees, the power to sell the same under direc-
tions from the Circuit Court of the County of St. Louis,
Missouri, whenever application shall be made for the
sale of said real estate by the beneficiaries of said real
estate, and upon said trustees giving bond approved of
by the said court in double the amount of the value of
the real estate to be sold, conditioned that said trus-
tees shall invest the proceeds out on good real estate
security to a better advantage than the state or condi-
tion in which it is now, for the above-named purposes."

Ten acres of this land was sold to one Ramming,
who is made a party defendant for that reason. The
respondent John D. Gibson is the sole surviving and
acting trustee. The count in partition is substantially
in the usual form. It sets forth the clauses in the will
above quoted, describes the lands, alleges that Margaret
O. Gibson has a life estate therein; that John D. Gib-
son, William Winans Gibson and Anna L. Richardson
are each entitled to one-sixth interest in the remainder,
and prays for an order of sale on the ground that the

property cannot be divided without materially prejudicing the rights of the parties in interest.

The second count seeks, as stated, to annul the trust created by the will. After alleging the execution of the will, the death of the testator, the probating of the will, the devise to the trustees, John D. Gibson et al., of certain lands described in the petition, it sets forth the paragraphs whereby the devise is made, and the trust created.

Plaintiffs then allege the sale of ten acres of this land to one Ramming; that James R. Bissell and William O. Gibson, who were co-trustees with John D. Gibson, are dead, leaving John D. Gibson as the sole surviving trustee; that Margaret O. Gibson has never married, and does not expect to marry, and has no issue and will never have; that she is the sole beneficiary of the trust and is willing and desirous that the trust should be terminated; that the purposes for which the trust was created have been fully accomplished, and no *reason exists for the further existence of the trust: that the purpose of the testator in creating the trust was to guard the interests of the beneficiary, who, on account of her inexperience, was incompetent to handle the property herself at the time the will was made, and to insure her a comfortable living out of the property devised to her, "and not for the purpose of entailing it to his children, or grand-children or their heirs," and that the beneficiary is now seventy-three years of age, and "fully able to handle, control and operate real and personal property."

It is alleged that the testator requested his son, John D. Gibson, who is an attorney, to draw his will, and fully discussed the provisions of the will with him. The purport of these discussions is set forth at some length, with the idea of showing, apparently, what the intent and purpose of the testator was, as throwing light upon the proper construction to be given to his will. It is alleged that for several years after the death of the testator the income from the property was sufficient to carry out the purpose of the trust, namely, the

support of the beneficiary, Margaret O. Gibson, but that the property has since declined in value, the income has been greatly reduced, and the burden of taxes and repairs has grown heavier; that the property is in part unimproved and the trustee has no means with which to improve it; that for that reason it has been difficult, and at times impossible, to rent portions of it; that portions of the property, while inherently valuable, cannot be sold to advantage; that the trustee has no power to mortgage the property for the purpose of making improvements, and that the trust has for many years "failed to do what was uppermost in his (testator's) mind." The prayer is for a decree annulling the trust, and "vesting the fee simple title to said property in said Margaret O. Gibson."

Certain defendants demurred to each count in the petition, and, their demurrer being overruled, filed an answer. The demurrer was on the ground that the petition did not state facts sufficient to constitute a cause of action, and various other grounds. The answer consists essentially of a general denial, coupled with numerous legal conclusions. These conclusions were on motion—and, as we think, properly—stricken out. On the issue thus formed a trial was had. Judgment was rendered in favor of plaintiffs on both counts. At the time of rendering judgment, however, and as a part of it, the court dismissed the petition as to all of the plaintiffs except John D. Gibson, trustee, and Margaret O. Gibson, the beneficiary, and as to all of the defendants save six, to-wit, Peter B. Gibson, Bissell B. Gibson (apparently meaning thereby Russell G. Gibson), Maude O. Gibson, Hattie L. Gibson, Cora E. Boyd and Fannie C. McLean, for the reason that they (the parties dismissed) have no right, title, estate or interest in the real estate herein described. The six defendants last above named in due season filed their motion for a new trial, setting forth some twenty separate grounds therefor, and, this motion being overruled, they have brought the case here by appropriate proceedings. Certain other defendants, as to whom the

petition was dismissed, have also appealed, and a motion has been filed to dismiss the appeal taken by them, on the ground that they are not aggrieved by the judgment of the court. This motion is sustained. Inasmuch, however, as the defendants rightfully appealing are parties to both cases, both cases are here for decision. Such other facts as may be thought necessary to a correct understanding of the situation, if any, will be set forth in the opinion.

I. Appellants' first assignment of error is the action of the trial court in overruling appellants' demurrer to each count of the petition. Since both counts are in **Partition.** effect based upon the paragraphs quoted from the testator's will, this assignment involves the construction of that portion of the will.

By these paragraphs the testator in apt terms named the trustees, described the property to be held in trust, and fixed the terms and conditions upon which it should be so held. It will be noted that the trustees were (a) to hold the property in question for the sole use and benefit of Margaret O. Gibson during her natural life; (b) to pay over to her all the rents and profits arising therefrom; (c) to sell the property under directions of the Circuit Court of the County of Saint Louis, upon certain terms in the will prescribed, and (d) to invest the proceeds of any property so sold in good real estate security for the purposes above named.

Furthermore, the term during which the trust shall continue is definitely fixed. The trust is to cease and determine at the death of Margaret O. Gibson, and thereupon the property held in trust descends and vests in fee simple in her children, if any, but if she shall die without issue, then one-half of the property vests in her husband, and the remainder is to be equally divided among the testator's remaining children or heirs of his body forever.

That this is not a passive, but an active trust, seems to admit of no question.

In the case of Higbee v. Brockenbrough, 191 S. W. 994, the testatrix bequeathed certain property to a trustee for the use and benefit of her daughter, with directions to so use the property as best to promote the interests and comfort of the daughter and her family, and authorized him to invest the trust fund in a suitable home, taking the title to himself as trustee, and to allow the daughter and her family to occupy the same, or to use the rents thereof during the lifetime of her daughter; or the trustee was authorized to invest the funds in interest-paying securities, paying the income to the daughter during her natural life, and at her death to convey the same to her children, should she leave children surviving her, and if not, then to testatrix's son in fee simple. This was held to be an active trust, with the legal title vested in the trustee, the devisee taking no alienable interest, but only an equitable interest in the income, her right to which was qualified by the terms of the will. To the same effect are the following cases: Maxwell v. Growney, 213 S. W. 427, l. c. 429; Freeman. v. Maxwell, 262 Mo. 13, l. c. 24; Simpson v. Erisner, 155 Mo. 157, l. c. 164.

Assuming, then, that this is an active trust as defined by the decisions of this court, the question then arises whether or not under the circumstances in the first count of the petition set forth, the plaintiffs are entitled to a partition of the property in question. The language of the will leaves no doubt of the intention of the testator to vest the title to the property in question in the trustee, and gives to the beneficiary no power of disposition whatever. It is expressly provided that the trustee shall have the power to sell, and no other power of sale is given. It is provided with equal clearness that the trust shall continue until the death of the beneficiary, at which time the property shall be divided.

As was said in the case of Maxwell v. Growney, supra: "The full and express powers conferred upon the trustee clearly exclude the idea that the beneficiary was given a like power of disposal. It therefore follows that the beneficiary did not have an alienable interest

in the land which he attempted to incumber with the deed of trust'' (citing authorities).

If, therefore, the beneficiary, Miss Gibson, took no alienable interest in the property involved in the trust, and hence cannot herself alienate it, or any part of it, she cannot do by indirection, by way of a suit in partition, what she cannot do directly. In construing a will, the first and foremost rule is that the will shall be so construed as to give effect to the intention of the testator. All other rules of construction are subordinate to this rule, and the statutes in two pertiment sections emphasize the duty of the court so to construe a will. These sections are as follows:

''All courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them.'' [Sec. 583, R. S. 1909.]

''No partition or sale of lands, tenements or hereditaments, devised by any last will, shall be made under the provisions of this article, contrary to the intention of the testator, expressed in any such will.'' [Sec. 2569, R. S. 1909.]

What, then, was ''the true intent and meaning of the testator?'' When the document creating a trust provides not only what shall be done with the trust fund during the life of the beneficiary, but also fixes a time when the property shall be divided or otherwise disposed of, and that time is at the end of the life of the beneficiary, this court has held in numerous decisions that the clear intent and purpose of the testator is to prevent partition of the property during the lifetime of the beneficiary, whether it is so stated in the document itself in express terms or not. [Hill v. Hill, 261 Mo. 55, l. c. 58.] In the case at bar, as in the case last above mentioned, the respondents rely strongly upon the cases of Sikemeier v. Galvin, 124 Mo. 367, and Reinders v. Koppelmann, 68 Mo. 482. These two cases were considered at the time the decision was rendered

34—280—Mo.

in the case of Gulick v. Huntley, 144 Mo. 1. c. 246, where a similar question arose, and while they were not then expressly overruled, the doctrine announced in them was not followed. In the later case of Stewart v. Jones, 219 Mo. 614, the Sikemeier case was cited in the briefs of counsel, but was not followed in the opinion. In the case of Hill v. Hill, supra, the court remarked, concerning these cases, that although they had not been expressly overruled, they had been intentionally disregarded in later cases, and said: "We hold they are not controlling authority in this State, in so far as they conflict with the conclusions announced in this case." [Hill v. Hill, 261 Mo. 1. c. 60.]

Counsel for respondents cite the case of Sparks v. Clay, 185 Mo. 393, in support of their contention. In that case the property sought to be partitioned was deeded by the father to two sons, each taking an undivided one-fourth interest in fee, and the remainder to two daughters "for their use and benefit during their natural life, and in fee simple to their heirs." The case was a suit in partition, and partition was ordered. However, the decision in that case is based solely upon the authority of the cases of Reinders v. Koppelmann, and Sikemeier v. Galvin, supra, as the opinion shows. Both of these cases have been discredited and in effect overruled as to the point here involved, and are no longer to be considered as authority upon that point. In order to clarify the situation, the cases of Reinders v. Koppelmann, 68 Mo. 482; Preston v. Brant, 96 Mo. 552; Sikemeier v. Galvin, 124 Mo. 367, and Sparks v. Clay, 185 Mo. 393, are now expressly overruled, in so far as they conflict with the holdings of this court in Hill v. Hill, supra, and in this case.

Respondents also cite the case of Barnard v. Keathley, 230 Mo. 209. This was a suit for partition. The property was held under the provisions of the will of Roland Keathley, in which the testator expressed his "desire" that his executor sell certain property, both real and personal, and distribute the money among

testator's children according to the directions of the will. It was there held that the will converted the real estate into personalty, and that the executor took no title to the realty as such. The title to the lands was held to be in the devisees under the will, and partition was for that reason allowed. The case in no sense supports respondents' contention.

A case strongly analogous to the case at bar is the case of Stockwell v. Stockwell, 262 Mo. 671, a partition suit in which all parties claimed by deed from the owner of the fee, James M. Stockwell, to the plaintiff, "Alice M. Stockwell, and her bodily heirs." A suit in partition was brought by Alice M. Stockwell and one of her two children, the other being a defendant. BROWN, C., in a learned opinion discussed the question involved with great thoroughness, and held that there was no right to partition in such case, for the reason, among others, that Mrs. Stockwell having a life estate only, whoever might take the title upon the death of Mrs. Stockwell would not take title through her or represent her with respect thereto, but on the contrary would take as a grantee in the deed from James M. Stockwell, under which she held a life estate. The court below held that the estate was not subject to partition, and that finding was affirmed by this court in Division One, all of the judges of that division concurring.

The case of Stevens v. De La Vaulx, 166 Mo. 20, is perhaps even more strikingly analogous to the pending cause. Indeed, a considerable portion of the second count of plaintiff's petition might have been taken almost bodily from the petition in that case. There, as here, a testator left certain property in trust for certain named donees, giving them the usufruct, only, during their lives, with the remainder in fee to their heirs. A suit in equity was brought for the partition of the trust estate, and a demurrer to the petition was sustained by the trial court, on the ground that partition would not lie in such case. On appeal the action of the trial court was unanimously affirmed in an opin-

ion by VALLIANT, J., almost the whole of which is emphatically pertinent to this case.

In the instant case, it cannot be determined until the death of the beneficiary, Margaret O. Gibson, in whom the title to the land in question will vest; no power of disposition in whole or in part is given to her; the legal title is not vested in her; her rights are limited to the usufruct only of the trust estate; there is no alienable interest in her, and therefore we hold that, giving effect as we must to the plain intent and meaning of the testator, partition will not lie during her lifetime. The demurrer to the first count of the petition should have been sustained.

II. The second count of the petition is denominated in the pleadings "a bill to abolish and terminate trust." To this count, as above stated, a demurrer was filed, on the ground that it stated no cause of action. This demurrer was overruled. Proof was offered tending to show that at the time the testator made his will, he consulted with his son, John D. Gibson, who is an attorney and who wrote the will. John D. Gibson, was asked and permitted to tell the intention of the father in creating the trust, and, so testifying, the witness said: "The uppermost idea, the predominant idea of my father, was to so plan that his daughters should never be in want." The beneficiary, Margaret O. Gibson, was also called as a witness, and it was shown by her testimony, as well as by that of other witnesses, that the property in question is unproductive; that the taxes amount to more than the income from the land as to the farm property, and that it happens occasionally that the tenants default in the payment of their rent in the city property, and the income hardly equals the expense. Miss Gibson also testified that she had never married, and had no expectation of marrying. The testimony of certain physicians was introduced to show that there was no possibility that the beneficiary would ever have children. Certain deeds were then

*Annulment of Trust.*

offered in evidence, tending to show that in addition
to her life estate, Miss Gibson is the owner of much the
greater part of the remainder interest in the property.
On the facts thus shown counsel for respondents make
a vigorous appeal to this court, to the general effect
that it was the intention of the testator to create a
fund for the benefit of his daughter; that the trust
has failed of accomplishment; that to refuse partition
and termination of the trust is deliberately to disregard
the plain and single intent of the will, and to nullify
the wishes of the testator. It is further urged upon
our consideration that Miss Gibson is now seventy-six
years old and unmarried, and that she will not marry,
and for these and similar reasons this court is urged
to abolish the trust. In the view we take of the law,
we have slight concern with the evidence, but it tends
to elucidate the question involved.

In considering this phase of this case, it is well
to bear in mind the wise remark of Lord CAMPBELL,
in East India Company v. Paul, 7 Moore, P. C. 111,
that "it is the duty of all courts of justice to take
care, for the general good of the community, that hard
cases do not make bad law." It must be conceded
that the pleadings and the proof under the second count
of this petition show a lamentable state of affairs, so
far as the beneficiary is concerned. The property ap-
parently scarcely pays expenses, and if this property
is the beneficiary's sole source of income her case is
hard indeed. However, courts do not sit to write wills,
but to construe them, and we have no more right to set
aside a will than to set aside a contract. In effect,
to ask us to do so is to call upon this court to substitute
its judgment for the judgment of the testator, and ex-
perience holds up a warning finger at this point. It
may well enough be that present conditions would seem
to indicate the advisability of destroying the trust
created in this case. Such a situation might arise with
reference to any trust created by will or otherwise,
but the indisputable fact remains that this court has
neither the moral right nor the lawful power to sub-

stitute its judgment on matters of business for the judgment of testators or others creating trusts. If such a thing were done, it might well happen that some unexpected change would, in the course of a short time, vindicate the wisdom of the testator, and emblazon the folly of the court. This exact question was presented in the case of Stevens v. De La Vaulx, supra, and the appeal was made there, as here, to the equity power of the court, but the court declined to grant the relief prayed, saying that: "Broad as the jurisdiction of a court of equity is, it is nevertheless within the limits of the statute law of this State, and the chancellor is just as much bound to obey the law as is the judge in a law court." [See also Stewart v. Jones, 219 Mo. 614, l. c. 637, and Arnold v. Brockenbrough, 29 Mo. App. 625, l. c. 629.]

Furthermore, the beneficiary under a will takes by grace of the testator, and not as a matter of right. Since the testator gives, the testator may attach such lawful conditions to his gifts as his judgment or his fancy may dictate. So long as the plain intent and purpose of the testator is apparent from the terms of the will itself, that purpose must control. Evidence, such as was admitted in the instant case, to prove a purpose contrary to that embodied in unequivocal terms in the will, or varying from it, is clearly inadmissible. [Brown v. Tuschoff, 235 Mo. 449, l. c. 456; Roberts v. Crume, 173 Mo. 572, l. c. 579, and authorities there cited.]

We are not unmindful of the power of courts of equity to annul or otherwise terminate trusts under appropriate circumstances, as where the purposes of the trust have been accomplished or their accomplishment has become impossible, and, perhaps, under other conditions, but no such conditions exist here. The case of Donaldson v. Allen, 182 Mo. 626, cited by respondents, has no application. In that case, the lands wer devised to the trustees "to be held, improved, leased, sold or otherwise disposed of as to them may seem best for the use and benefit of my own children." The

trustees were thus given power to close the trust estate themselves. The court found as a fact in that case that the trust estate was composed in part of productive, and in part of unproductive property, linked together that one might carry the other, in the hope of an increase in value of the unproductive property. The cost of carrying the unproductive property proved great and the increase in value small. After a twenty-year test the court held the trust created for that purpose to have proven its impossibility, and that the trustees had had a reasonable time in which to execute the trust, and not having done so, and being subject to the superintending control of a court of equity, the court had power to terminate the trust. No such discretion is given the trustees in the case at bar. On the contrary, they are required, when selling any of the trust lands, to give bond that they will reinvest the proceeds "out on good real estate security," thus perpetuating the trust estate and emphasizing the obvious intent of the testator that the body of the estate should be kept intact until the death of the beneficiary.

But to abolish this trust would, for all practical purposes, be but an idle ceremony, in any event. Under the undisputed facts in this case, we cannot see how the court, in the event the trust were annulled, could do otherwise than adjudge Miss Gibson to be the owner of a life estate in the lands in question. Lands subject to a life estate, according to the authorities above cited, are not subject to partition in contravention of the terms of the document creating such estate, and hence a mere dissolution of the trust in this case would avail nothing.

The will provides that in the event of the death of the beneficiary, without issue, one-half of the trust estate shall vest in her husband. It is urged upon our attention that the beneficiary in this instance is an elderly spinster, and has herself announced from the witness stand that she has no intention of marrying, but can this court undertake to say, on any state of law or fact, when a woman will marry? In the providence of

God, many things are witheld from the knowledge of men. When a woman will marry is one of them. No court, so far as we know, has ever had the temerity to lay down a rule upon that proposition, and we have little desire to venture into untrodden ways.

Counsel for respondents closes his brief with this flattering suggestion: "There is a right and your honors can find a remedy to enforce that right." We accept the compliment, but decline the task. We have no desire to graft a legal bud of our own germination on the stalk of a lawsuit planted by the hand of another. However unhappy the consequences which may ensue to any of the parties to this action by reason of the terms of the will, those consequences must be attributed to the testator, and not to the law. So long as those who are of a mind to write wills insist upon projecting the dead hand so far into the future, so long must the beneficiaries under such wills take their chances on the wisdom or the unwisdom of the provisions made.

It follows from what has been stated that the demurrer to the second count of the petition should have been sustained also. For the reasons given, the judgment of the lower court should be reversed. It is so ordered. All concur.