WILL OF SUHLING: TEWS, Appellant, vs. MADER, Administrator, Respondent.

*December 5, 1950—January 9, 1951.*

216

*Henry L. Arnold,* attorney, and *John J. Devos* of counsel, both of Milwaukee, for the appellant.

The cause was submitted for the respondent on the brief of *Johns, Roraff, Coleman & Pappas* of La Crosse.

FAIRCHILD, J.   The decision made November 9, 1949, construing the will was not appealed from, unless it may be said to be included in the present appeal.   But we do not intend to be understood as departing from the doctrine set forth in *Estate of White,* 256 Wis. 467, 41 N. W. (2d) 776. The case comes here on appeal from a final decree.   Evidently, influenced by the small amount of the res involved, it has been deemed advisable by all interested to bring it to the attention of the court and ask of the propriety of revising the provisions with relation to the trust created by the testatrix.   It appears from the record that the testatrix, in 1933, executed her last will and testament.   That instrument, as drawn, provided for a distribution of her estate between three beneficiaries in equal parts.   The language used by her material to this appeal is as follows:

"*Second:* I give, devise, and bequeath to my sons, Henry A. Suhling and August F. Suhling, and to my granddaughter, Jeanette Luce, formerly Jeanette Holtz, the homestead property being lot number twelve (12) in block 'Q' of E. S. B. Vail's addition to the city of La Crosse, commonly known as No. 1631 Jackson street, in the city of La Crosse, Wisconsin, to each a one-third interest in said property.

"The one-third interest which said Jeanette Luce is to receive in this property is to be held in trust by the trustee hereinafter named, and she is to receive only one third of the rental income of said property to be paid to her in monthly instalments by said trustee.

"In case of the sale of said property the said Jeanette Luce is to receive one third of the net proceeds of said sale, same to be held in trust for her by the trustee hereinafter named, and, she is to receive from said trustee the annual net income of such trust.

"*Third:* I give, devise, and bequeath all the rest, residue, and remainder of my estate, both real and personal property

to my sons, Henry A. Suhling, August F. Suhling, and to Jeanette Luce, each to receive a one-third share.

*"Fourth:* I hereby nominate and appoint Henry A. Suhling to be the trustee for any of my estate which shall come to the said Jeanette Luce, and, he is to hold all such property in trust for the said Jeanette Luce, and pay over to her such payments of such trust as hereinbefore provided, and, I do expressly exempt the said Henry A. Suhling from furnishing any bond while acting as such trustee.

*"Fifth:* In case the said Jeanette Luce should predecease me, then the share which she would have received in trust at the time of my demise shall go to her daughter, Margaret Luce, and, it is my desire that if the said Margaret Luce is not of age at the time that she becomes in possession of any of my estate left to her that Henry A. Suhling be appointed guardian for the said Margaret Luce and that he be expressly exempt from furnishing any bond as such guardian of the said Margaret Luce."

At the time of the drafting of the will, the granddaughter, Jeanette Luce, was but eighteen years of age, was married, and was the mother of one child, Margaret Luce. The wording of the will too plainly places a limitation of a trust upon the devises and bequests to the granddaughter to permit of a conclusion that a trust was not intended. *Will of Richter,* 215 Wis. 108, 254 N. W. 103.

In *Will of Stack,* 217 Wis. 94, 258 N. W. 324, there is a review of the law applicable to a situation such as is here presented in an opinion by Mr. Chief Justice ROSENBERRY, and the rule was there declared to be that the court cannot substitute its judgment for that of a creator of a testamentary trust, nor turn over the trust res or the proceeds of a sale thereof to residuary legatees free of a testamentary trust duly created. There is in that opinion a quotation from the case of *Gibson v. Gibson,* 280 Mo. 519, 533, 536, 219 S. W. 561, which was accepted by this court and reads as follows: "However, courts do not sit to write wills, but to construe them, and we have no more right to set aside a will than to set aside a

contract. . . . However unhappy the consequences which may ensue to any of the parties to this action by reason of the terms of the will, those consequences must be attributed to the testator, and not to the law." See cases there reviewed.

There are practical considerations which may or may not have been taken into consideration at the time of drawing the will, but if they were considered or if occasion thereafter existed for giving such situation or circumstances further consideration, they were not sufficient to cause a change in the trust provision during the some fifteen years between the time when the will was drawn and when it became effective upon the death of the testatrix. The trust being an active trust and valid in all particulars, the title to that portion of the estate and its benefits are as determined by the court below. This ruling controls all other questions raised. Jeanette Luce, the *cestui que trustent* having survived the testatrix, Margaret Luce inherited no interest under the will, as there was no gift over to her. No occasion existed for making her a party or appointing a guardian for her. The writing itself occasions no uncertainty, and therefore the wisdom or lack of wisdom in the method used by the testatrix in devising the property does not open the door for questions of construction. No ambiguity exists, and the will must stand as drawn.

*By the Court.*—Judgment affirmed.